1   DAVID E. CRANSTON (SBN 122558)
    DCranston@ggfirm.com
2   NOAH PERCH-AHERN (SBN 262164)
    NPerchAhern@ggfirm.com
3   SHERRY E. JACKMAN (SBN 274030)
    SJackman@ggfirm.com
4   MARISA S. CHOY (SBN 311714)
    MChoy@ggfirm.com
5   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
6   2049 Century Park East, Suite 2600
    Los Angeles, California 90067
7   Telephone:  310.553.3610
    Fax:  310.553.0687
8
9   Attorneys for Plaintiff
    UNION PACIFIC RAILROAD COMPANY

10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14   UNION PACIFIC RAILROAD                  Case No.
     COMPANY, a Delaware corporation;
15                                           **COMPLAINT FOR:**
                    Plaintiff,
16                                           1.  **CERCLA § 107 COST RECOVERY**
     v.                                      2.  **DECLARATORY RELIEF UNDER**
17                                               **CERCLA AND FEDERAL**
     ROBERT E. HILL, in his capacity as an      **DECLARATORY JUDGMENT ACT**
18   individual and a person previously doing  3.  **RCRA INJUNCTIVE RELIEF (RCRA**
     business as ZZZ Sanitation Co.; ROBERT      **VIOLATIONS AND IMMINENT AND**
19   W. HILL, in his capacity as an individual   **SUBSTANTIAL ENDANGERMENT)**
     and a person previously doing business as 4.  **CONTRIBUTION/INDEMNITY**
20   ZZZ Sanitation Co.; PRIVETTE INC., a       **UNDER CALIFORNIA HSAA**
     dissolved California corporation previously 5.  **PRIVATE CONTINUING NUISANCE**
21   doing business as ZZZ Sanitation Co.;     6.  **PUBLIC CONTINUING NUISANCE**
     MOBILE MINI, INC., a Delaware            7.  **CONTINUING TRESPASS**
22   corporation sued in its capacity as the
     successor-in-interest to TOTE-A-SHED,        **[DEMAND FOR JURY TRIAL]**
23   INC., a California corporation previously
     doing business as ZZZ Sanitation Co.; and
24   DOES 1 through 30, inclusive;
25                    Defendants.
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Plaintiff Union Pacific Railroad Company ("Union Pacific") hereby alleges as follows:

## NATURE OF ACTION

1. For over three decades, defendants Robert E. Hill and Robert ("Rocky") W. Hill, and their associated businesses conducted operations on Union Pacific's real property in San Jose, California, resulting in significant, pervasive, and continuing environmental contamination that presently poses an imminent and substantial endangerment to human health and the environment. Union Pacific files this civil lawsuit against the Hills and the companies they operated to recover costs to investigate and clean up environmental contamination; to obtain injunctive relief and attorneys' fees in connection with the environmental contamination; and to obtain declaratory relief as to future responsibility for remediation of environmental contamination.

## PARTIES

2. Plaintiff Union Pacific is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska. Plaintiff Union Pacific is the successor-in-interest to Southern Pacific Company and Southern Pacific Transportation Company.

3. Defendant Robert E. Hill (b. circa 1925) is, and at all relevant times was, an individual residing and engaging in business activities in or near San Jose, California. At relevant times, Robert E. Hill did business as "ZZZ Sanitation Co."

4. Defendant Robert W. Hill (b. circa 1960) is, and at all relevant times was, an individual residing and engaging in business activities in or near San Jose, California. Defendant Robert W. Hill is the son of defendant Robert E. Hill, and to avoid name confusion, will be referred to herein by his nickname, "Rocky Hill." At relevant times, Rocky Hill did business as "ZZZ Sanitation Co."

5. Defendant Mobile Mini, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona ("Mobile Mini"). As discussed below, Mobile Mini is the successor-in-interest to Tote-A-Shed, Inc. ("Tote-A-Shed"). At relevant times, Tote-A-Shed did business as "ZZZ Sanitation Co."

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

6. Defendant Privette Inc. is a dissolved California corporation which is being sued to the extent of its insurance assets ("Privette").  At relevant times, Privette did business as "ZZZ Sanitation Co."

7. Union Pacific is ignorant of the true names and capacities of defendants named herein as Does 1 through 30, inclusive, and therefore sues said defendants by such fictitious names. Union Pacific will amend this Complaint to set forth the true names and capacities of said defendants if and when they may be ascertained.  Union Pacific is informed and believes that each of said fictitiously named defendants is in some manner liable for the conduct, acts, omissions, and injuries set forth herein.

8. The aforementioned defendants are collectively referred to herein as the "Defendants."

**JURISDICTION AND VENUE**

9. This Court has federal question jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §§ 9607, 42 U.S.C. § 6972(a)(1)(B), 6972(a)(1)(B) and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims asserted herein, which are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.  With respect to the Third Cause of Action alleged under the Resource Conservation and Recovery Act ("RCRA"), this Court has jurisdiction pursuant to 42 U.S.C. § 6972(a)(2) given that this is the district in which the alleged endangerment and RCRA violations are occurring.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, and where the "Property" (as defined below) is situated.

**INTRADISTRICT ASSIGNMENT**

11. Pursuant to Civil Local Rule 3-5(b), assignment of this action to the San Jose Division of this Court is proper because a substantial part of the events or omissions which give rise to the claims herein occurred in Santa Clara County and the Property (as defined below) that is the subject of the claims is situated in Santa Clara County.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

**FACTUAL BACKGROUND**

***The Property and its Operator History***

12. Union Pacific is the current owner of the real property located at 725 Chestnut Street, San Jose, in Santa Clara County, California;[1] which is bounded by Chestnut Street to the northeast, Union Pacific railroad tracks to the southwest, Taylor Street to the southeast, and adjacent industrial property to the northwest; and which was leased to various industrial tenants from the 1960s to the 1990s (the "Property"—Exhibit A).  From approximately the early 1960s until 1992, Defendants conducted operations at the Property which caused pervasive, significant, and continuing environmental contamination that presently poses an imminent and substantial endangerment to human health and the environment.

13. Union Pacific has owned the Property since the late 1800s.  Union Pacific has never conducted operations on the Property.

14. Prior to the 1960s, no businesses operated at the Property.

15. Between approximately 1960 and 1963, an unincorporated business called "A.R. Bodenhamer" used the Property for the open storage of contractor's equipment pursuant to two separate leases with Union Pacific, dated 1960 and 1962. On information and belief, Defendant Robert E. Hill was in charge of and operated the business known as A.R. Bodenhamer.

16. Sometime in or prior to 1962, defendant Robert E. Hill began operating and doing business on the Property as "ZZZ Sanitation Co.," an unincorporated business enterprise.  ZZZ Sanitation Co. manufactured and refurbished portable chemical toilets and job shacks at the Property and rented them out to construction site operators.  ZZZ Sanitation Co.'s operations involved the use of chemicals and painting operations.  In addition to the chemical toilet and job shack operations, ZZZ Sanitation Co. also conducted operations at the Property involving electrical panels, power poles, and storage vans, which upon information and belief, also included the use of chemicals.

///

---

[1] At various times, the Property or portions thereof was/were associated with the addresses 745 Chestnut Street and 749 Chestnut Street, San Jose, California.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17. On or around March 11, 1964, Privette Inc. (f/k/a Privet, Inc.) ("Privette") was incorporated.   Robert E. Hill and Rocky Hill were, at relevant times, officers and directors of Privette.  Privette's business included manufacturing and renting out toilets and job shacks to construction site operators.  Privette conducted operations on the Property from sometime in the 1970s until 1986.  In or around November 1986, Privette ceased operating on the Property and sold its assets.  According to the California Secretary of State, Privette dissolved on July 8, 1987, and has been named as a defendant in order to access any of its remaining insurance assets.

18. On October 25, 1983, Tote-A-Shed, Inc. was incorporated (referred to herein as "Tote-A-Shed").  Robert E. Hill and Rocky Hill were officers and directors of Tote-A-Shed.  Tote-A-Shed was primarily engaged in the repurposing and leasing of portable storage and old marine shipping containers at the Property.  Repurposing activities included degreasing, cleaning, priming, stripping, and painting.  Tote-A-Shed ceased operating at the Property in or around November 1992. On February 20, 2004, Tote-A-Shed merged into Mobile Storage Group, Inc., a Delaware entity.  In 2008, Mobile Storage Group, Inc. merged into Defendant Mobile Mini, Inc.  As a result of these mergers, Defendant Mobile Mini is the successor-in-interest to Tote-A-Shed.

19. Defendants Robert E. Hill and Rocky Hill operated additional businesses at the Property at different times during the period spanning from the 1960s until the early 1990s, including but not limited to businesses referred to as "Valley Industrial Waste", "'A' Sanitation", "'A' Portable Toilets" and "Jonna Corp."

### *Defendants' Relationships*

20. Each of the Defendants did business as ZZZ Sanitation Co, and each of the Defendants is the underlying legal person responsible for the acts and omissions of ZZZ Sanitation Co.

21.  Some or all of the Defendants may have been related to one another in a successor liability or agency capacity.  Facts pertinent to the foregoing include:  (i) Defendants' operations all took place at the same Property (725 Chestnut Street); (ii) Defendants all consist of Hill family members or businesses owned or operated by Hill family members; (iii) Defendants' operations were identical or substantially identical in nature—involving the manufacture, cleaning,

repurposing, and storage of portable chemical toilets, job shacks, and related equipment; and (iv) Defendants, at times, appeared to act on behalf of one another.  Additionally, Defendants held themselves out to third parties as one and the same, representatives, continuations, or agents of each other.

22. The following facts pertain to the relationship of the Defendants and the timeframes during which Defendants conducted operations on the Property:

- *Robert E. Hill:*  At various times from 1960 until 1992, Defendant Robert E. Hill conducted operations on the Property, was in charge of A.R. Bodenhamer, did business on the Property as ZZZ Sanitation Co., and operated incorporated entities Privette and Tote-A-Shed.

- *Privette:*  From sometime in the 1970s until 1986, Defendant Privette conducted operations on the Property and did business as ZZZ Sanitation Co.

- *Tote-A-Shed/Mobile Mini:*  From at least 1983 until 1992, Tote-A-Shed (the predecessor of Defendant Mobile Mini) conducted operations on the Property and did business on the Property as ZZZ Sanitation Co.

- *Rocky Hill:*  From 1983 until 1992, Defendant Rocky Hill conducted operations on the Property, did business as ZZZ Sanitation Co., and operated Privette and Tote-A-Shed.

23. Discovery may better reveal the nature of Defendants' relationships with one another and this Complaint may be later amended to reflect the nature of those relationships.

### ***Defendants' Leases***

### *1960 Lease/1962 Lease*

24. On February 18, 1960, Southern Pacific Company leased the Property to A.R. Bodenhamer for the open storage of contractor's equipment ("1960 Lease").  Due to the construction of nearby Taylor Street, in 1962, Southern Pacific Company shortened the original lease term and reduced the size of the leased property.  In a 1962 Application for Lease or License, A.R. Bodenhamer's address was listed as 722 Palm Haven, San Jose—which was, at various times, also the residential address of Robert E. Hill.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

25. On September 19, 1962, Southern Pacific Company entered into a new lease agreement with A.R. Bodenhamer for the whole of the Property less a small strip on the eastern side of the Property to accommodate the construction of Taylor Street ("1962 Lease"). The initial address listed on the lease was again 722 Palm Haven, San Jose—which was, at various times, the residential address of Robert E. Hill.

26. The 1962 Lease terminated on October 20, 1963; however, around that time, Southern Pacific Company records noted that the Property was not restored to its original condition and Robert E. Hill of ZZZ Sanitation Co., who was formerly "in charge of Bodenhamer's company," was operating a portable chemical toilet company on the Property.

*1964 Lease*

27. On April 23, 1964, "ZZZ Sanitation Co." formally applied to lease the Property. The lease application for that tenancy states that the Property was "to be used for the manufacture of metal chemical toilets and job shacks for construction jobs and for storage of same."

28. On July 21, 1964, ZZZ Sanitation Co. entered into a commercial lease with Southern Pacific Company ("1964 Lease") for the "manufacture and storage of portable chemical toilets." The 1964 Lease was executed by defendant Robert E. Hill on behalf of ZZZ Sanitation Company, which was referred to as "a corporation".

29. ZZZ Sanitation Co., however, was not a corporation. Rather, "ZZZ Sanitation Co." was merely a business name used by defendants Robert E. Hill, Rocky Hill, Privette, and/or Tote-A-Shed at various points in time.

30. The address listed for ZZZ Sanitation Company on the 1964 Lease was 722 Palm Haven Avenue, San Jose, California, which was, at various times, the residential address of Robert E. Hill.

31. The 1964 Lease was eventually superseded by the 1980 Lease (as defined below).

*1980 Lease*

32. On February 20, 1980, ZZZ Sanitation Company entered into a separate commercial lease for the Property for "the maintenance and use of Lessee-owned improvements and related facilities for the manufacture and storage of portable chemical toilets" ("1980 Lease"). The 1980

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

1  Lease was executed by Robert E. Hill's then-wife Lucia Hill on behalf of ZZZ Sanitation

2  Company, which was referred to as "a corporation."

3     33. As set forth above, ZZZ Sanitation Co., was not a corporation.  ZZZ Sanitation Co.

4  was merely a business name used by defendants Robert E. Hill, Rocky Hill, Privette, and/or Tote-

5  A-Shed at various points in time.

6                    ***Nature of Property Contamination***

7     34. As a result of each of Defendants' operations, the Property is contaminated with a

8  number of pollutants (collectively, "Environmental Contaminants") including, but not limited to:

9       • trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), cis-1,2-dichloroethene

10        (cis-1,2-DCE), 1,1-dichloroethane ("1,1-DCA"), 1,2-dichlorobenzene, methylene

11        chloride, 1,1,1-trichloroethane ("1,1,1-TCA"), Freon 113, benzene, toluene,

12        ethylbenzene, xylenes, and acetone in soil;

13      • TCE, PCE, vinyl chloride, cis-1,2-DCE, 1,1-DCA, trans-1,2-dichloroethene

14        ("trans-1,2-DCE"), 1,1,1-TCA, carbon tetrachloride, 1,2-dibromo-3-

15        chloropropane, 1,1-dichloroethene, cis-1,2-DCE, 1,2-dichlorobenzene, methyl

16        ethyl ketone ("MEK"), acetone, benzene, ethylbenzene, xylenes, and 1,4-dioxane

17        in groundwater; and

18      • TCE; 1,1-DCA; 1,2-DCA; benzene; chloroform, and vinyl chloride in soil vapor.

19     35. Environmental contamination is continuing in nature in that Environmental

20  Contaminants continue to spread and migrate in soil, groundwater, and air, causing new releases

21  and discharges and contaminating previously unaffected property.

22     36. Environmental contamination is reasonably abatable in that the Environmental

23  Contaminants are capable of remediation or cleanup at a reasonable cost by reasonable means.

24     37. Site investigation and characterization efforts at the Property are ongoing.

25                    ***Cause of Property Contamination***

26     38. Robert E. Hill and Rocky Hill, and the enterprises they operated or were doing

27  business as, including without limitation ZZZ Sanitation Co. (unincorporated), Privette

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

(incorporated), and Tote-A-Shed (incorporated), caused Environmental Contaminants to be released and/or disposed of at the Property.

39.   Defendants' operations and activities resulted in releases and/or disposals of Environmental Contaminants and other solid or hazardous substances at, on, and below the Property, including but not limited to, the following operations and activities:

- substandard maintenance and use of ASTs;

- substandard maintenance and use of USTs;

- chemical application to toilets, electrical panels, power poles, portable sheds, and shipping containers, including without limitation stripping, degreasing, priming, and cleaning;

- painting-related operations, including cleaning, degreasing, priming, and stripping using chemical products;

- poor housekeeping practices and failure to implement and follow appropriate best management practices, including full paving;

- failure to properly remediate and clean up releases and/or disposals of Environmental Contaminants and other solid and hazardous substances; and

- the unlawful operation, removal and disposal of USTs, which is discussed in greater detail below.

### Unlawful Removal and Disposal of USTs

40. On June 12, 1992, the Santa Clara County Health Department Toxic Control Unit made a Hazardous Materials/Waste Referral to San Jose Fire Department indicating that an underground storage tank ("UST") had been unearthed at the Property and was left sitting aboveground.  The referral indicated that an "explosion hazard [was] suspected."

41. On June 22, 1992, the San Jose Fire Department completed an inspection of the Property, and thereafter demanded that Tote-A-Shed (1) submit an application for removal of the UST within 15 days; and (2) safeguard and remove the UST from the premises.  During the inspection, a Tote-A-Shed employee informed the inspector that the tank had been unearthed since

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

May 1992. Tote-A-Shed's employees were informed that prior to removing a UST, a UST Closure Permit must be obtained from the San Jose Fire Department.

42. On July 10, 1992, the San Jose Fire Department wrote to Tote-A-Shed, informing it that a tank closure had not been received, and requested that Tote-A-Shed submit a tank closure plan and soil sampling timeline to the San Jose Fire Department within 7 days ("July 10 Letter"). Additionally, the July 10 Letter demanded that the tank be removed from the premises by a licensed waste hauler. The July 10 Letter further advised Tote-A-Shed that "[f]ailure to submit a closure plan and remove the uncovered [UST] are each a violation of San Jose's Hazardous Materials Storage Ordinance and the California UST Regulations . . ."

43. On July 14, 1992, the City of San Jose noted in a memorandum that "the tank [had] already been removed" and that "the person who removed it is unknown and disposition of the tank is now unknown."

44. A January 27, 1994 UST Unauthorized Release Report indicates that no soil samples were collected upon removal of the UST and that Tote-A-Shed had abandoned the Property prior to collecting any soil samples.

45. Upon information and belief, other USTs operated by Defendants at the Property were abandoned in a similar regard.

**FIRST CAUSE OF ACTION**

COST RECOVERY UNDER CERCLA § 107

(Against all Defendants)

46. Union Pacific realleges and incorporates by reference the allegations of paragraphs 1 through 45 of the complaint as though set forth fully herein.

47. Union Pacific brings this claim for cost recovery against all Defendants pursuant to § 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607.

48. Each Defendant is a "person" within the meaning of § 101(21), 42 U.S.C. § 9601(21) of CERCLA.

49. The Property, or portions thereof, is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

50. Each above- or below-ground tank or vessel existing or formerly existing at the Property is or was also "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

51. Each Defendant is an "operator" within the meaning of CERCLA § 101(20)(A), 42 U.S.C. § 9601(20)(A).  Specifically, each Defendant (including Robert E. Hill and Rocky Hill, individually and in their capacities as principals of Tote-A-Shed and Privette) at various times managed, directed, and conducted operations that resulted in or related to the release and/or disposal of hazardous substances and controlled decisions regarding compliance with environmental laws and/or regulations.

52. Some or all of the Environmental Contaminants released and/or disposed by Defendants, including PCE and TCE, are "hazardous substances" as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14).

53. Each Defendant operated a facility at the time of disposal of hazardous substance at the facility, within the meaning of CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2).

54. The releases of hazardous substances from the Property have caused Union Pacific to incur necessary response costs consistent with the National Contingency Plan, 40 C.F.R. part 300 ("NCP").  Union Pacific will continue to incur necessary costs of response within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a) and consistent with the NCP, with respect to the Property. Without limitation, response costs include or will include, costs associated with investigation of potentially responsible parties, site assessment, site characterization, site investigation, site monitoring, and site remediation in connection with the releases or threatened releases of hazardous substances at, to or from the Property, and the environment.

55. Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), each of the Defendants is strictly, jointly, and severally liable to Union Pacific for all response costs, past and future, in an amount to be proven at trial.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## SECOND CAUSE OF ACTION

### DECLARATORY RELIEF UNDER CERCLA (§ 9613(g)(2)(B)); AND THE FEDERAL DECLARATORY JUDGMENT ACT (28 U.S.C. § 2201)

### (Against All Defendants)

56. Union Pacific realleges and incorporates by reference the allegations of paragraphs 1 through 55 of the complaint as though set forth fully herein.

57. Union Pacific brings this claim for declaratory relief against Defendants pursuant to § 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B) and 28 U.S.C. § 2201 *et seq.* which permit any person who brings an action for recovery of costs to obtain a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action to recover further response costs or damages.

58. An actual, substantial, and justiciable controversy exists between Union Pacific and Defendants, and each of them, regarding their respective rights and obligations relating to the past and future response costs that will be incurred by Union Pacific in connection with investigation and remediation of the Environmental Contaminants and other hazardous substances at, on, and under the Property.

59. Union Pacific seeks a declaratory judgment against Defendants, and each of them, under CERCLA and the Federal Declaratory Judgment Act that will be binding in any subsequent action to recover further response costs, holding each Defendant strictly liable for all further response costs incurred by Union Pacific in connection with its investigation and remediation of the Property.

## THIRD CAUSE OF ACTION

### INJUNCTIVE RELIEF AND COSTS OF LITIGATION UNDER RCRA § 6972(A)(1)(B) (ENDANGERMENT) & § 6972(A)(1)(A) (RCRA VIOLATIONS)

### (Against Defendants Robert E. Hill, Rocky Hill, and Mobile Mini)

60. Union Pacific realleges and incorporates by reference the allegations of paragraphs 1 through 59 of the complaint as though set forth fully herein.

COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

61. Union Pacific brings a claim for injunctive relief under § 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), which authorizes the commencement of a citizen suit against any person "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."

62. Union Pacific also brings a claim for injunctive relief under § 7002(a)(1)(A) of RCRA, 42 U.S.C. § 6972(a)(1)(A), which authorizes a civil lawsuit "against any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order (collectively "RCRA Requirements") which has become effective pursuant to [RCRA]."

63. Defendants Robert E. Hill, Rocky Hill, and Mobile Mini ("RCRA Defendants") have contributed or are contributing to the past or present "handling", "treatment", "storage", or "disposal" of "solid waste" or "hazardous waste," as those terms are defined in 42 U.S.C. § 6903(3), (5), (27), (33).

64. Union Pacific and the RCRA Defendants are each a "person" as defined in RCRA § 1004(15), 42 USC § 6903(15).

65. The Environmental Contaminants and each of them are "solid waste" under RCRA § 1004(27), 42 § USC 6903(27), because they are solid and liquid discarded material from industrial operations.  Many of the Environmental Contaminants are also hazardous wastes pursuant to RCRA § 1004(5), 42 § USC 6903(5) or the California State analogue, the Hazardous Waste Control Law, HSC § 25100, *et seq.*

66. Union Pacific has given the requisite notice of endangerment to Robert E. Hill, Rocky Hill and Mobile Mini, Inc., as well as the Administrator of the United States Environmental Protection Agency and the State of California pursuant to the RCRA § 7002(b)(1)(A) and (a)(1)(B), 42 U.S.C. §§ 6972(a)(1)(A) and (a)(1)(B) and 40 C.F.R. part 254.  A true and correct copy of the RCRA notice to Mobile Mini, Inc. is attached hereto as Exhibit B and a true and correct copy of the RCRA notice to Robert E. Hill and Rocky Hill is attached hereto as Exhibit C. More than 90 days have passed since Union Pacific served its RCRA notices.

67. Pursuant to 42 U.S.C. § 6972(a)(1)(B), some of the Environmental Contaminants and other hazardous waste and/or solid waste contributed by the RCRA Defendants at the Property presents an imminent and substantial endangerment to health and the environment given contaminant migration, environmental damage, vapor intrusion into buildings, and human health risks via inhalation, ingestion, and/or dermal exposure.

68. Pursuant to 42 U.S.C. § 6972(a)(1)(A), the RCRA Defendants are in violation of a number of RCRA Requirements, including but not limited to: (1) failure to properly close a UST; (2) removal of a UST prior to the receipt of a UST closure permit; and (3) failure to collect soil samples after the UST was removed.  Defendants' violations continue to exist in that they have contributed to the continued presence and migration of Environmental Contaminants and hazardous and solid waste at the Property, which remains unabated.

69. No State or federal agency has commenced or is prosecuting an action against Defendants relating to the Environmental Contaminants or hazardous or solid waste at the Property.

70. Union Pacific is entitled to injunctive relief requiring Defendants to abate their imminent and substantial endangerment and RCRA violations by effectively remediating the Environmental Contaminants on the Property.

71. To the extent Union Pacific prevails on its RCRA suit and the Court deems it appropriate, Union Pacific is entitled to its costs of litigation, including attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 6972(e).

## FOURTH CAUSE OF ACTION

CONTRIBUTION/INDEMNITY UNDER THE CALIFORNIA HSAA

(Against all Defendants)

72. Union Pacific realleges and incorporates by reference the allegations of paragraphs 1 through 71 of the Complaint as though set forth fully herein.

73. Union Pacific brings this claim for relief under the contribution/indemnity provisions of the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA," California Health and Safety Code ("HSC") § 25300, *et seq.*), which permits a person who has incurred response or

corrective action costs in accordance with the HSAA or CERCLA to seek contribution or indemnity from persons who are liable pursuant to the HSAA.

74. Defendants and each of them are a "responsible party" or "liable person" under § 25323.5(a) of the HSAA and are thereby liable in contribution and/or indemnity for response costs pursuant to HSC § 25363(d).

75. Union Pacific has incurred costs of response in accordance with the HSAA and CERCLA to address such hazardous substances, including, without limitation, Property assessment and characterization costs.  Union Pacific will continue to incur response costs, including, but not limited to, site assessment, site characterization, site investigation, monitoring costs and remedial costs in connection with the releases or threatened releases of hazardous substances at, or emanating from the Property, and the environment.

76. Pursuant to the HSAA, HSC § 25363(d), Defendants are each liable for the response costs that have and will be incurred by Union Pacific in a manner consistent with CERCLA and/or Chapter 6.8 of the HSAA.

77. Notice of Commencement of this action shall be given to the Director of the Department of Toxic Substances Control pursuant to the HSAA, HSC § 25363(d), at the time of or immediately following the filing of this Complaint.

## FIFTH CAUSE OF ACTION

### PRIVATE CONTINUING NUISANCE

#### (Against all Defendants)

78. Union Pacific realleges and incorporates by reference the allegations of paragraphs 1 through 77 of the Complaint as though set forth fully herein.

79. Union Pacific brings this claim for private nuisance against all Defendants under California Civil Code § 3479, California Code of Civil Procedure § 731, and the California common law.

80. At all relevant times, Defendants, and each of them, occupied, used, and operated upon the Property.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

81. At all relevant times, Union Pacific and its predecessors have owned the Property. Union Pacific presently has a possessory interest in the Property.

82. Defendants' releases of Environmental Contaminants at, on, and below the Property have created conditions which constitute a nuisance within the meaning of California Civil Code § 3479. Specifically, Defendants' Environmental Contaminants at the Property have resulted in a substantial and unreasonable interference with the use and enjoyment of land, as well as conditions that are injurious to health, indecent and offensive to the senses, which constitute an obstruction to the free use of the Property, and which interfere with the enjoyment of the Property.

83. Defendants' releases of Environmental Contamination at the Property have created conditions which constitute a nuisance within the meaning of California Code of Civil Procedure § 731. Specifically, Defendants' Contamination at the Property has injured Union Pacific's Property and has lessened Union Pacific's personal enjoyment of the Property.

84. Union Pacific did not authorize or consent to Defendants' release of Contamination onto or at the Property.

85. An ordinary person would be reasonably annoyed or disturbed by Defendants' releases of Contamination onto or at the Property.

86. Union Pacific is informed and believes, and thereon alleges, that the release of Contamination onto or at the Property occurred as a direct and proximate result of Defendants, and each of their, operations on the Property and/or their failure to prevent such releases.

87. As a proximate and foreseeable result of the nuisance created by Defendants, Union Pacific has incurred and will continue to incur significant costs in connection with site assessment, site characterization, site investigation, and, eventually, site remediation at the Property. Moreover, Defendants have interfered with and will continue to interfere with Union Pacific's free use and enjoyment of the Property including, without limitation, renting, leasing and/or selling it at its fair market value without the contamination, and other uses, the total of which cannot yet be precisely ascertained. Union Pacific's damages are in an amount to be proven at trial.

88. Defendants' conduct was a substantial factor in causing Union Pacific's harm.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

89. The seriousness of the harm caused by Defendants outweighs the public benefit, if any, of Defendants' conduct—particularly because Defendants operated environmentally sloppy and substandard enterprises on the Property resulting in unnecessary discharges of Environmental Contaminants.

90. The nuisance created by Defendants' conduct is continuing in that the Environmental Contaminants released and/or disposed by Defendants continue to migrate, causing new and additional harm and varied impacts on a continued basis, and can be abated at a reasonable cost by reasonable means.

### SIXTH CAUSE OF ACTION

CONTINUING PUBLIC NUISANCE

(Against all Defendants)

91. Union Pacific realleges and incorporates by reference the allegations of paragraphs 1 through 90 of the Complaint as though set forth fully herein.

92. Union Pacific brings this claim for public nuisance against all Defendants under California Civil Code §§ 3479-3480, 3493, California Code of Civil Procedure § 731, and the California common law.

93. By allowing Environmental Contaminants to discharge into the soil on the Property, migrate into the subsurface below the Property, and further migrate into groundwater downgradient of the Property, Defendants have created and permitted a condition to exist that is harmful to human health and the environment.

94. For example, some of the Environmental Contaminants (including TCE and PCE) are carcinogens or reproductive toxicants, and such Environmental Contaminants may volatize and migrate into buildings (i.e., vapor intrusion) giving rise to human health impacts. Union Pacific has already conducted an offsite soil gas investigation indicating that Environmental Contaminants have migrated from the Site and are present at levels representing an unacceptable risk to human health.

///

///

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

95. Union Pacific and the community at large have a right to clean groundwater.  Indeed, Union Pacific has a public right to maintain its property interest at the Site without contaminated groundwater.  Contaminated groundwater is considered "waters of the state," and therefore is a matter of public right.  *See* Cal. Water Code §§ 102, 13050(e).

96. The condition of Environmental Contaminants existing in groundwater beneath and offsite the Property has affected a substantial number of people at the same time.

97. An ordinary person would be reasonably disturbed by Environmental Contaminants in groundwater.

98. The seriousness of the harm of Environmental Contaminants in groundwater outweighs the social utility of Defendants' prior conduct—particularly because Defendants operated environmentally sloppy and substandard enterprises on the Property resulting in unnecessary discharges of Environmental Contaminants to groundwater.

99. Union Pacific did not consent to Defendants' conduct of discharging Environmental Contaminants into the soil on the Property and allowing them to migrate into the subsurface below the Property and into groundwater downgradient of the Property.

100. Union Pacific has suffered harm that is different from the type of harm suffered by the general public in that, among other things, (i) due to proximity of the release point, groundwater underlying Union Pacific's Property contains certain Environmental Contaminants that are different in kind from those identified on neighboring sites; (ii) Union Pacific has been required to expend money to investigate Environmental Contaminants at, on, and beneath the Property; (iii) the Property has been and will be for a significant period of time under regulatory oversight and cannot be developed to its best and highest use; (iv) Union Pacific has been unable to collect rent on the Property for decades given its environmental impairments; (v) remediation equipment has/will need to be installed on Union Pacific's Property, including, potentially, groundwater monitoring wells, soil vapor extraction systems, and other appurtenances, to address environmental impacts.

101. Defendants' conduct was a substantial factor in causing Union Pacific's harm.

**SEVENTH CAUSE OF ACTION**

CONTINUING TRESPASS

(Against all Defendants)

102. Union Pacific realleges and incorporates by reference the allegations of paragraphs 1 through 101 of the Complaint as though set forth fully herein.

103. As a general rule, landowners and tenants have a right to exclude on private property; the right to exclude is a fundamental aspect of private property ownership.

104. Environmental contamination can form the basis of a trespass action if there is a failure to remove environmental contamination from owned property.

105. At all relevant times, Union Pacific owned the Property.

106. Defendants, and each of them, intentionally, recklessly, or negligently allowed Environmental Contaminants to enter the Property and its subsurface.

107. Union Pacific did not consent to or give permission to Defendants to allow Environmental Contaminants to enter the Property and its subsurface.

108. Defendants' Environmental Contaminants remain on the Property and its subsurface, despite Union Pacific's demand that Defendants remove the Environmental Contaminants.

109. Union Pacific has been harmed in that the Property and its subsurface are now contaminated with Environmental Contaminants, which has decreased the Property's value and has cost significant money to investigate and remediate.

110. Defendants' conduct in allowing Environmental Contaminants to enter upon the Property and its subsurface was a substantial factor in bringing about Union Pacific's harm.

111. Union Pacific's harm will continue until the trespass is abated in that the Environmental Contaminants released and/or disposed by Defendants continue to migrate, causing new and additional harm and varied impacts on a continued basis.

112. Union Pacific seeks costs it has incurred to investigate Environmental Contaminants on and under the Property, an injunction ordering Defendants to clean up their Environmental Contaminants from the Property, and any and all relief available to Union Pacific under California Civil Code § 3334, including the value of the use of the Property for the time of the wrongful

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

occupation, the reasonable cost of repair or restoration of the Property to its original condition, and the costs of recovering possession.

**PRAYER FOR RELIEF**

WHEREFORE, Union Pacific prays that judgment be entered against Defendants and each of them for:

1. On the First Cause of Action – CERCLA Cost Recovery: for cost recovery under CERCLA requiring Defendants to pay for costs of environmental investigation and remediation of the Environmental Contaminants at the Property.

2. On the Second Cause of Action – CERCLA and Federal Declaratory Relief: for a judicial declaration under CERCLA and the Federal Declaratory Judgment Act that Defendants are responsible for all future costs of environmental investigation and remediation of the Environmental Contaminants at the Property.

3. On the Third Cause of Action – RCRA Injunctive Relief: for injunctive relief from Defendants requiring Defendants to abate their imminent and substantial endangerment and RCRA violations by effectively remediating the Environmental Contaminants on the Property; and for costs of litigation, including attorneys' fees and expert witness fees to the extent the Court deems it appropriate.

4. On the Fourth Cause of Action – Contribution/Indemnity under HSAA: for contribution or indemnity under the HSAA requiring Defendants to pay for costs of environmental investigation and remediation of the Environmental Contaminants at the Property.

5. On the Fifth Cause of Action – Private Continuing Nuisance: for damages in an amount to be proven at trial as a result of Defendants' private continuing nuisance.

6. On the Sixth Cause of Action – Public Continuing Nuisance: for damages in an amount to be proven at trial as a result of Defendants' public continuing nuisance.

7. On the Seventh Cause of Action – Continuing Trespass: for damages in an amount to be proven at trial as a result of Defendants' continuing trespass, including the value of the use of the Property for the time of the wrongful

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

occupation, the reasonable cost of repair or restoration of the Property to its original condition, and the costs of recovering possession, as allowable under California Civil Code § 3334.

8.    <u>On all Causes of Action</u>:  for punitive damages based on Defendants' oppression, fraud, or malice, as alleged herein, and to the extent permitted under California Civil Code § 3294.

DATED:  April 30, 2021

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP


By: /s/ David E. Cranston
DAVID E. CRANSTON (SBN 122558)
NOAH PERCH-AHERN (SBN 262164)
SHERRY E. JACKMAN (SBN 274030)
MARISA S. CHOY (SBN 311714)

Attorneys for Plaintiff UNION PACIFIC
RAILROAD COMPANY

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff Union Pacific Railroad Company hereby demands a trial by jury of all issues triable of right by a jury.

DATED:  April 30, 2021

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ David E. Cranston

DAVID E. CRANSTON (SBN 122558)
NOAH PERCH-AHERN (SBN 262164)
SHERRY E. JACKMAN (SBN 274030)
MARISA S. CHOY (SBN 311714)

Attorneys for Plaintiff UNION PACIFIC RAILROAD COMPANY

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT