KATHRYN E. BARRETT (SBN 162100)
EDWARD A. KRAUS (SBN 162043)
SILICON VALLEY LAW GROUP
1 North Market St. Suite 200
San Jose, CA 95113
Telephone: (408) 573-5700
Facsimile: (408) 573-5701
Email: keb@svlg.com; eak@svlg.com

Attorneys for Defendants
Robert E. Hill, Robert W. Hill
and Privette, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT E. HILL, in his capacity as an individual and a person previously doing business as ZZZ Sanitation Co.; ROBERT W. HILL, in his capacity as an individual and a person previously doing business as ZZZ Sanitation Co.; PRIVETTE INC., a dissolved California corporation previously doing business as ZZZ Sanitation Co.; MOBILE MINI, INC., a Delaware corporation sued in its capacity as the successor-in-interest to TOTE-A-SHED, INC., a California corporation previously doing business as ZZZ Sanitation Co.; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-03216-BLF<br><br>**DEFENDANTS ROBERT E. HILL, ROBERT W. HILL AND PRIVETTE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST UNION PACIFIC RAILROAD COMPANY**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br><br>Complaint Filed:   April 30, 2021<br>Trial Date:   April 22, 2024 |

Defendants ROBERT E. HILL, ROBERT W. HILL, and PRIVETTE, INC. (collectively referred to herein as, "Defendants") hereby respond to Plaintiff UNION PACIFIC RAILROAD COMPANY's ("Plaintiff" or "UPRR") Complaint on file herein as follows:

**LIMITED GENERAL DENIAL:**

Defendants generally deny each and every allegation in Plaintiff's Complaint except those that it specifically admits below.  Defendants also generally deny that each or any of them are liable to Plaintiff.

**SPECIFIC RESPONSES:**

**<u>NATURE OF ACTION</u>**

1.      Answering Paragraph 1, Defendants admit that UPRR filed this civil lawsuit. Other than as admitted, Defendants deny the other allegations in Paragraph 1 of the Complaint.

**<u>PARTIES</u>**

2.      Answering Paragraph 2, no response is necessary since the allegations state a legal conclusion and opinion.

3.      Answering Paragraph 3, Defendants admit that Robert E. Hill is an individual who, for some period of time, engaged in business activities in San Jose, California.  Defendants deny that Robert E. Hill did business as ZZZ Sanitation Co.

4.      Answering Paragraph 4, Defendants admit that Robert W. Hill is an individual who has engaged in business activities in or near San Jose, California.  Defendants deny that Robert W. Hill did business as ZZZ Sanitation Co.

5.      Answering Paragraph 5, Defendants deny that Mobile Mini did business as ZZZ Sanitation Co.  As to the other allegations in Paragraph 5, no response is necessary since the allegations state a legal conclusion and opinion.

6. Answering Paragraph 6, Defendants admit Privette, Inc is a dissolved California corporation and that it did business as ZZZ Sanitation Co. As to the other allegations in Paragraph 6, Defendants are without sufficient knowledge to either admit or deny the allegations.

7. Answering Paragraph 7, to the extent that Paragraph 7 refers only to these answering Defendants, and not any Doe defendants, Defendants deny the allegations of Paragraph 7. To the extent that Paragraph 7 refers to any Doe defendants, these answering Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 7.

8. Answering Paragraph 8, Defendants admit the allegation in Paragraph 8.

## JURISDICTION AND VENUE

9. Answering Paragraph 9, Defendants admit that this Court has jurisdiction over the subject matter of this action.

10. Answering Paragraph 10, Defendants admit that venue is proper in this judicial district.

## INTRADISTRICT ASSIGNMENT

11. Answering Paragraph 11, Defendants admit that the assignment of this action to the San Jose Division of this Court is proper.

## FACTUAL BACKGROUND

### *The Property and its Operator History*

12. Answering Paragraph 12, Defendants admit that UPRR is the owner of 725 Chestnut Street, San Jose, California. Defendants are without sufficient knowledge to admit or deny the boundaries of UPRR's property or its other alleged addresses. Defendants admit that the property was leased to various industrial tenants during times from the 1960's to the 1990's.

1    Defendants deny that, to the extent that the industrial tenants referenced in this paragraph are to

2    Defendants, that any environmental contamination was caused by their presence at the property

3    or that any conduct by any Defendants poses an imminent and substantial endangerment to

4    human health and the environment.

5         13.     Answering Paragraph 13, Defendants are without sufficient knowledge to admit

6    that UPRR has owned the property since the late 1800's.  Defendants deny that Union Pacific

7    has never conducted operations on the Property.

8         14.     Answering Paragraph 14, Defendants deny the allegation in this paragraph.

9         15.     Answering Paragraph 15, Defendants admit that AR Bodenhamer operated at the

10   property between 1960 and 1963.  Defendants are without sufficient knowledge to admit

11   allegations concerning leases with UPRR and Bodenhamer or its operations at the property.

12   Defendants deny that Robert E. Hill was in charge of and operated the business known as A.R.

13   Bodenhamer.

14        16.     Answering Paragraph 16, Defendants deny that Robert E. Hill did business a ZZZ

15   Sanitation Co.  Defendants admit that ZZZ Sanitation Co. was an unincorporated business

16   enterprise.  Defendants admit that ZZZ Sanitation Co. built portable toilets at the property and

17   rented them to construction companies.  Defendants admit that ZZZ Sanitation's operations

18   involved some painting and the use of some chemicals.  Defendants deny that ZZZ Sanitation

19   Co.'s operations at the property involved construction or manufacture of electrical panels, power

20   poles or storage vans or that any chlorinated volatile organic chemicals were involved in ZZZ

21   Sanitation Co.'s work at the property.

22        17.     Answering Paragraph 17, Defendants admit that Privette was formed in 1964.

23   Defendants admit that Robert E. Hill was, at all times, an officer and director of Privette.

24

10596000.DOCX

DEFENDANTS ROBERT E. HILL, ROBERT W. HILL AND PRIVETTE, INC.'S ANSWER TO COMPLAINT
AND COUNTERCLAIMS AGAINST UNION PACIFIC RAILROAD COMPANY

4

Defendants deny that Robert W. Hill was an officer and director of Privette.  Defendants admit that Privette's business included building or assembling and renting out portable toilets to construction site operators.  Defendants admit that Privette occupied the Property from sometime in the 1970s until 1986 and that in 1986 Privette ceased operations and sold its assets.  Defendants admit that Privette dissolved in 1987.  Defendants are without sufficient knowledge to admit or deny Plaintiff's motive for naming Privette as a defendant.

18.     Answering Paragraph 18, Defendants admit that Tote-A-Shed was formed in 1983.  Defendants admit that Robert W. Hill was an officer and director of Tote-A-Shed.  Defendants deny that Robert E. Hill was an officer or director of Tote-A-Shed.  Defendants admit that Tote-A-Shed engaged in repurposing and renting portable storage containers.  Defendants deny that the work done at the Property involved degreasing, stripping or priming.  Defendants admit that some touch-up painting was done at the Property and that some cleaning, with water, was done at the Property.  Defendants admit that Tote-A-Shed ceased operating at the Property in or around November, 1992.  Defendants admit that on or about February 20, 2004 Tote-A-Shed merged into Mobile Storage Group, Inc.  Defendants are without sufficient knowledge to admit or deny the other allegations in this paragraph and on that basis, deny.

19.     Answering Paragraph 19, Defendants admit that Robert E. Hill operated A Sanitation at the Property.  Defendants deny that the other referenced businesses in Paragraph 19 were operated at the Property.

### *Defendants' Relationships*

20.     Answering Paragraph 20, Defendants deny that each defendant did business as ZZZ Sanitation.  No response is necessary as to the other allegation in Paragraph 20 which states a legal conclusion and opinion.

21.     Answering Paragraph 21, no response is necessary as to the first sentence in Paragraph 21 which states a legal conclusion and opinion.  Defendants admit that, as to these answering Defendants, some, but not all, of their operations took place at the Property. Defendants admit that, as to these answering Defendants, Robert E. Hill and Robert W. Hill are father and son, respectively.  Defendants admit that Robert E. Hill was the principal of Privette, Inc.  Defendants deny that Robert W. Hill had any ownership or operating authority over Privette.  Defendants deny that the operations of Privette and Tote-A-Shed were identical in nature.  Defendants deny that they held themselves out to third parties as one and the same or agents of one another.

22.     Answering Paragraph 22, Defendants deny that between 1960 and 1992 Defendant Robert E. Hill conducted operations at the Property.  Defendants deny that Robert E. Hill was in charge of A.R. Bodenhamer.  Defendants deny that Robert E. Hill did business as ZZZ Sanitation Co.  Defendants deny that Robert E. Hill operated Tote-A-Shed.  Defendants admit that Robert E. Hill operated Privette.  Defendants admit that Privette operated at the Property, doing business as ZZZ Sanitation Co.  Defendants admit that Tote-A-Shed conducted operations at the Property but denies it operated at the Property as early as 1983.  Defendants deny that Tote-A-Shed did business as ZZZ Sanitation Co.  No response is necessary to Plaintiff's parenthetical note abut Mobile Mini which states a legal conclusion and opinion. Defendants.  Defendants deny that Robert W. Hill did business as ZZZ Sanitation Co. or operated Privette.  Defendants admit that Robert W. Hill operated Tote-A-Shed.

23.     Answering Paragraph 23, no response is necessary to this paragraph which states an opinion of Plaintiff.

//

10596000.DOCX

DEFENDANTS ROBERT E. HILL, ROBERT W. HILL AND PRIVETTE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST UNION PACIFIC RAILROAD COMPANY

6

1

*Defendants' Leases*

2

*1960 Lease/1962 Lease*

3        24.     Answering Paragraph 24, Defendants are without sufficient knowledge to admit

4   or deny the allegations in Paragraph 24.

5        25.     Answering Paragraph 25, Defendants are without sufficient knowledge to admit

6   or deny the allegations in Paragraph 25.

7        26.     Answering Paragraph 26, Defendants deny that Robert E. Hill was formally in

8   charge of Bodenhamer Company or was operating a portable chemical toilet company on the

9   property at the time alleged.  Defendants are without sufficient knowledge to admit or deny the

10  other allegations in Paragraph 26.

11

*1964 Lease*

12       27.     Answering Paragraph 27, Defendants admit the allegations in paragraph 27.

13       28.     Answering Paragraph 28, Defendants admit the allegations in Paragraph 28

14  except that to the extent that ZZZ Sanitation Co was referred to as a corporation, it was

15  Plaintiff's reference in the lease.

16       29.     Answering Paragraph 29, Defendants admit that ZZZ Sanitation Co. was not a

17  corporation.  Defendants admit that ZZZ Sanitation Co. was a dba used by Privette, Inc.

18  Defendants deny that ZZZ Sanitation Co. was a business name used by Defendants Robert E.

19  Hill or Robert W. Hill.  Defendants deny that ZZZ Sanitation Co. was a dba used by non-

20  defendant Tote-A-Shed, Inc.

21       30.     Answering Paragraph 30, Defendants admit the allegations in Paragraph 30.

22       31.     Answering Paragraph 31, no response is necessary to Paragraph 31 which states a

23  legal conclusion and opinion.

24

1

*1980 Lease*

2    32.    Answering Paragraph 32, Defendants admit the allegations in Paragraph 32

3  except that, to the extent that ZZZ Sanitation was referred to as a corporation, it was Plaintiff's

4  reference in the lease.

5    33.    Answering Paragraph 33, Defendants admit that ZZZ Sanitation Co. was not a

6  corporation.  Defendants admit that ZZZ Sanitation Co. was a dba used by Privette, Inc.

7  Defendants deny that ZZZ Sanitation Co. was a business name used by Defendants Robert E.

8  Hill or Robert W. Hill.  Defendants deny that ZZZ Sanitation Co. was a dba used by non-

9  defendant Tote-A-Shed, Inc.

10    **Nature of Property Contamination**

11    34.    Answering Paragraph 34, Defendants deny that the contamination identified in

12  paragraph 34 was the result of any conduct of Defendants at the Property.

13    35.    Answering Paragraph 35, Defendants are without sufficient knowledge to admit

14  or deny the allegations in Paragraph 35.  To the extent this allegation assumes that the releases

15  and migrations are due to any activities of Defendants, Defendants deny such allegations.

16    36.    Answering Paragraph 36, Defendants are without sufficient knowledge to admit

17  or deny the allegations in Paragraph 36.

18    37.    Answering Paragraph 37, Defendants are without sufficient knowledge to admit

19  or deny the allegations in Paragraph 37.

20    **Cause of Property Contamination**

21    38.    Answering Paragraph 38, Defendants deny that any Defendant caused

22  Environmental Contaminants to be released and/or disposed of at the Property.  Defendants deny

23  that Robert E. Hill, Robert W. Hill nor Tote-A-Shed did business as ZZZ Sanitation Co.

24

Defendants admit that Privette did business as ZZZ Sanitation Co.

39.     Answering Paragraph 39, Defendants deny that operations of any Defendants resulted in releases and/or disposals of Environmental Contaminants at the Property.  Defendants deny that any engaged in a substandard operation or use of any AST at the Property.  Defendants deny that any engaged in a substandard operation or use of any UST at the Property.  Defendants admit that Privette used Aqua San, a non-CVOC chemical in the portable toilets.  Defendants deny that they used chemical applications to electrical panels, power poles, portable sheds and shipping containers.  Defendants deny that they degreased, stripped or primed portable toilets or storage containers at the Property.  Defendants deny that any cleaning was done with any Environmental Contaminants at the Property.  Defendants admit that painting was done at the Property.  Defendants deny that cleaning, degreasing, priming or stripping using chemical products was done at the Property.  Defendants deny poor housekeeping practices.  Defendants deny use or disposal or release of any Environmental Contaminants at the Property.  Defendants admit that Tote-A-Shed removed a UST but denies that the list belonged to any Defendant and denies any unlawful conduct.

### *Unlawful Removal and Disposal of USTs*

40.     Answering Paragraph 40, Defendants admit the allegations in Paragraph 40.

41.     Answering Paragraph 41, Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 41 and on that basis, deny.

42.     Answering Paragraph 42, the allegations in Paragraph 42 constitute Plaintiff's characterization of documents, which are the best evidence of their contents, and therefore Defendants deny any allegation inconsistent with such documents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set

1    forth in Paragraph 42 of the Complaint, and on that basis denies them.

2        43.    Answering Paragraph 43, Defendants are without sufficient knowledge to admit

3    or deny the allegations in Paragraph 43 and on that basis, deny.

4        44.    Answering Paragraph 44, Defendants are without sufficient knowledge to admit

5    or deny the allegations in Paragraph 44.

6        45.    Answering Paragraph 45, Defendants deny the allegations in Paragraph 45.

7                            **<u>FIRST CAUSE OF ACTION</u>**

8                    COST OF RECOVERY UNDER CERCLA §107

9                            (Against all Defendants)

10        46.    Answering Paragraph 46, Defendants incorporate by reference and restate their

11   answers to the preceding paragraphs of the Second Amended Complaint as if fully set forth

12   herein.

13        47.    Answering Paragraph 47, no response is necessary to Paragraph 47 which states a

14   legal conclusion and opinion.  To the extent that it may be determined that a response is required

15   to Paragraph 47, Defendants deny the allegations and legal conclusions set forth therein.

16        48.    Answering Paragraph 48, no response is necessary to Paragraph 48 which states a

17   legal conclusion and opinion.  To the extent that it may be determined that a response is required

18   to Paragraph 48, Defendants deny the allegations and legal conclusions set forth therein.

19        49.    Answering Paragraph 49, no response is necessary to Paragraph 49 which states a

20   legal conclusion and opinion.  To the extent that it may be determined that a response is required

21   to Paragraph 49, Defendants deny the allegations and legal conclusions set forth therein.

22        50.    Answering Paragraph 50, no response is necessary to Paragraph 50 which states a

23   legal conclusion and opinion.  To the extent that it may be determined that a response is required

24

to Paragraph 50, Defendants deny the allegations and legal conclusions set forth therein.

51.     Answering Paragraph 51, no response is necessary to Paragraph 51 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 51, Defendants deny the allegations and legal conclusions set forth therein.

52.     Answering Paragraph 52, no response is necessary to Paragraph 52 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 52, Defendants deny the allegations and legal conclusions set forth therein.

53.     Answering Paragraph 53, no response is necessary to Paragraph 53 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 53, Defendants deny the allegations and legal conclusions set forth therein.

54.     Answering Paragraph 54, no response is necessary to Paragraph 54 which states a legal conclusion and opinion. To the extent that it may be determined that a response is required to Paragraph 54, Defendants deny the allegations and legal conclusions set forth therein.

55.     Answering Paragraph 55, no response is necessary to Paragraph 55 which states a legal conclusion and opinion. To the extent that it may be determined that a response is required to Paragraph 55, Defendants deny the allegations and legal conclusions set forth therein.

## SECOND CAUSE OF ACTION

DECLARATORY RELIEF UNDER CERCLA (§9613(g)(2)(B); AND THE FEDERAL
DECLARATORY JUDGMENT ACT (28 U.S.C. §2201)
(Against All Defendants)

56.     Answering Paragraph 56, Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

57.     Answering Paragraph 57, no response is necessary to Paragraph 57 which states a

legal conclusion and opinion.

58.     Answering Paragraph 58, no response is necessary to Paragraph 58 which states a legal conclusion and opinion.

59.     Answering Paragraph 59, no response is necessary to Paragraph 59 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 59, Defendants deny the allegations and legal conclusions set forth therein.

## **THIRD CAUSE OF ACTION**

INJUNCTIVE RELIEF AND COSTS OF LITIGATION UNDER RCRA
§6972(A)(1)(B) (ENDANGERMENT)
§6972(A)(1)(A) (RCRA VIOLATIONS)
(Against Defendants Robert E. Hill, Rocky Hill, and Mobile Mini)

60.     Answering Paragraph 60, Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

61.     Answering Paragraph 61, no response is necessary to Paragraph 61 which states a legal conclusion and opinion.

62.     Answering Paragraph 62, no response is necessary to Paragraph 62 which states a legal conclusion and opinion.

63.     Answering Paragraph 63, no response is necessary to Paragraph 63 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 63, Defendants deny the allegations and legal conclusions set forth therein.

64.     Answering Paragraph 64, no response is necessary to Paragraph 64 which states a legal conclusion and opinion.

65.     Answering Paragraph 65, no response is necessary to Paragraph 65 which states a

legal conclusion and opinion.

66.     Answering Paragraph 66, Defendants admit that Exhibits B and C were sent to Defendants more than 90 days ago.  Defendants are without sufficient knowledge to admit or deny the other allegations of this paragraph.

67.     Answering Paragraph 67, no response is necessary to Paragraph 67 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 67, Defendants deny the allegations and legal conclusions set forth therein.

68.     Answering Paragraph 68, no response is necessary to Paragraph 68 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 68, Defendants deny the allegations and legal conclusions set forth therein.

69.     Answering Paragraph 69, Defendants admit that no federal agency has commenced any prosecution against them.

70.     Answering Paragraph 70, no response is necessary to Paragraph 70 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 70, Defendants deny the allegations and legal conclusions set forth therein.

71.     Answering Paragraph 71, no response is necessary to Paragraph 71 which states a legal conclusion and opinion.

## FOURTH CAUSE OF ACTION

CONTRIBUTION/INDEMNITY UNDER THE CALIFORNIA HSAA

(Against all Defendants)

72.     Answering Paragraph 72, Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

73.     Answering Paragraph 73, no response is necessary to Paragraph 73 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 73, Defendants deny the allegations and legal conclusions set forth therein.

74.     Answering Paragraph 74, no response is necessary to Paragraph 74 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 74, Defendants deny the allegations and legal conclusions set forth therein.

75.     Answering Paragraph 75, no response is necessary to Paragraph 75 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 75, Defendants deny the allegations and legal conclusions set forth therein.

76.     Answering Paragraph 76, no response is necessary to Paragraph 76 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 76, Defendants deny the allegations and legal conclusions set forth therein.

77.     Answering Paragraph 77, no response is necessary to Paragraph 77 which states a legal conclusion and opinion.

## **FIFTH CAUSE OF ACTION**

### PRIVATE CONTINUING NUISANCE

### (Against all Defendants)

78.     Answering Paragraph 78, Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

79.     Answering Paragraph 79, no response is necessary to Paragraph 79 which states a legal conclusion and opinion.

80.     Answering Paragraph 80, Defendants deny that at all times relevant Defendants,

1   and each of them, occupied, used and operated at the Property.

2      81.   Answering Paragraph 81, Defendants are without sufficient knowledge to admit

3   or deny the allegations in this paragraph.

4      82.   Answering Paragraph 82, no response is necessary to Paragraph 82 which states a

5   legal conclusion and opinion.  To the extent that it may be determined that a response is required

6   to Paragraph 82, Defendants deny the allegations and legal conclusions set forth therein.

7   Defendants specifically deny any release or disposal of Environmental Contaminants at the

8   Property.

9      83.   Answering Paragraph 83, no response is necessary to Paragraph 83which states a

10   legal conclusion and opinion.  To the extent that it may be determined that a response is required

11   to Paragraph 83, Defendants deny the allegations and legal conclusions set forth therein.

12   Defendants specifically deny any release or disposal of Environmental Contaminants at the

13   Property.

14      84.   Answering Paragraph 84, no response is necessary to Paragraph 84 which states a

15   legal conclusion and opinion.  To the extent that it may be determined that a response is required

16   to Paragraph 84, Defendants deny the allegations and legal conclusions set forth therein.

17      85.   Answering Paragraph 85, no response is necessary to Paragraph 85 which states a

18   legal conclusion and opinion.  To the extent that it may be determined that a response is required

19   to Paragraph 85, Defendants deny the allegations and legal conclusions set forth therein.

20      86.   Answering Paragraph 86, no response is necessary to Paragraph 86 which states a

21   legal conclusion and opinion.  To the extent that it may be determined that a response is required

22   to Paragraph 86, Defendants deny the allegations and legal conclusions set forth therein.

23      87.   Answering Paragraph 87, no response is necessary to Paragraph 87 which states a

legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 87, Defendants deny the allegations and legal conclusions set forth therein.

88.     Answering Paragraph 88, no response is necessary to Paragraph 88 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 88, Defendants deny the allegations and legal conclusions set forth therein.

89.     Answering Paragraph 89, no response is necessary to Paragraph 89 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 89, Defendants deny the allegations and legal conclusions set forth therein.

90.     Answering Paragraph 90, no response is necessary to Paragraph 90 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 90, Defendants deny the allegations and legal conclusions set forth therein.

## SIXTH CAUSE OF ACTION

CONTINUING PUBLIC NUISANCE

(Against all Defendants)

91.     Answering Paragraph 91, Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

92.     Answering Paragraph 92, no response is necessary to Paragraph 92 which states a legal conclusion and opinion.

93.     Answering Paragraph 93, no response is necessary to Paragraph 93 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 90, Defendants deny the allegations and legal conclusions set forth therein.

94.     Answering Paragraph 94, no response is necessary to Paragraph 94 which states a

legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 94, Defendants deny the allegations and legal conclusions set forth therein. Defendants specifically deny that they released or disposed of any Environmental Contaminants at the Property.

95.     Answering Paragraph 95, no response is necessary to Paragraph 95 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 95, Defendants deny the allegations and legal conclusions set forth therein.

96.     Answering Paragraph 96, no response is necessary to Paragraph 96 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 96, Defendants deny the allegations and legal conclusions set forth therein.

97.     Answering Paragraph 97, no response is necessary to Paragraph 97 which states a legal conclusion and opinion.

98.     Answering Paragraph 98, no response is necessary to Paragraph 98 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 98, Defendants deny the allegations and legal conclusions set forth therein.

99.     Answering Paragraph 99, no response is necessary to Paragraph 99 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 99, Defendants deny the allegations and legal conclusions set forth therein.

100.    Answering Paragraph 100, no response is necessary to Paragraph 100 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 100, Defendants deny the allegations and legal conclusions set forth therein.  Defendants specifically deny that they released or disposed of any Environmental Contaminants at the property or that UPRR's allegations of harm are caused by any act or

1  omission of Defendants.  Defendants are without sufficient knowledge to admit or deny

2  paragraph 100 (i), (iii), (iv), (v).

3  101.    Answering Paragraph 101, no response is necessary to Paragraph 101 which states

4  a legal conclusion and opinion.  To the extent that it may be determined that a response is

5  required to Paragraph 101, Defendants deny the allegations and legal conclusions set forth

6  therein.

7  **SEVENTH CAUSE OF ACTION**

8  CONTINUING TRESPASS

9  (Against all Defendants)

10  102.    Answering Paragraph 102, Defendants incorporate by reference and restate their

11  answers to the preceding paragraphs of the Second Amended Complaint as if fully set forth

12  herein.

13  103.    Answering Paragraph 103, no response is necessary to Paragraph 103 which states

14  a legal conclusion and opinion.  To the extent that it may be determined that a response is

15  required to Paragraph 103, Defendants deny the allegations and legal conclusions set forth

16  therein.

17  104.    Answering Paragraph 104, no response is necessary to Paragraph 104 which states

18  a legal conclusion and opinion.

19  105.    Answering Paragraph 105, no response is necessary to Paragraph 105 which states

20  a legal conclusion and opinion.

21  106.    Answering Paragraph 106, no response is necessary to Paragraph 106 which states

22  a legal conclusion and opinion.  To the extent that it may be determined that a response is

23  required to Paragraph 106, Defendants deny the allegations and legal conclusions set forth

24

therein.  Defendants specifically deny that any Defendant allowed Environmental Contaminants to enter the Property and its subsurface.

107.    Answering Paragraph 107, no response is necessary to Paragraph 107 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 107, Defendants deny the allegations and legal conclusions set forth therein.

108.    Answering Paragraph 108, Defendants deny that they released or disposed of any Environmental Contaminants at the Property.

109.    Answering Paragraph 109, Defendants deny the allegations in Paragraph 109 to the extent that is implies that any Defendant caused Plaintiff's alleged harm.

110.    Answering Paragraph 110, Defendants deny the allegations in Paragraph 110.

111.    Answering Paragraph 111, Defendants deny the allegations in Paragraph 111.

112.    Answering Paragraph 112, no response is necessary to Paragraph 112 which states a legal conclusion and opinion.  To the extent that it may be determined that a response is required to Paragraph 112, Defendants deny the allegations and legal conclusions set forth therein.

## **AFFIRMATIVE DEFENSES**

As separate affirmative defenses to the Complaint, Defendants allege as follows, reserving their right to supplement these separate and affirmative defenses during or following discovery.  In setting forth these separate and affirmative defenses, Defendants do not concede that they have the burden of production or proof of any of them:

//

//

10596000.DOCX

DEFENDANTS ROBERT E. HILL, ROBERT W. HILL AND PRIVETTE, INC.'S ANSWER TO COMPLAINT
AND COUNTERCLAIMS AGAINST UNION PACIFIC RAILROAD COMPANY
19

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants are informed and believe, and upon such information and belief allege, that Plaintiff in the exercise of reasonable diligence, failed to mitigate, minimize or avoid their alleged damages or losses referred to in their Complaint.  For failing to mitigate, Plaintiff is barred from obtaining the relief it seeks against answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each Cause of Action set forth therein, is barred by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each Cause of Action set forth therein, is barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint and each Cause of Action set forth therein, is barred by the equitable doctrine of estoppel as a result of the acts, conduct and omissions by Plaintiff.

//

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

On information and belief, the Complaint and each claim against Defendants, is barred by the applicable statutes of limitations and statutes of repose.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Party Defense)

Defendants are not liable to Plaintiff because the damages alleged in the Complaint were caused solely by the acts or omissions of one or more third parties and other than Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Abstain)

The court should abstain, temporarily or permanently from deciding on the issues presented in order to avoid interference with the ongoing remediation of the site under the jurisdiction of the California Department of Toxic Substances Control.

## NINTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

The damages or losses alleged in the Complaint, if any, were proximately caused by independent, intervening or superseding events beyond the control and unrelated to any acts or omissions of Defendants.  Defendants' acts and omissions, if any were superseded by the intervening and superseding acts and omissions of others, including the acts and omissions of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (No Cause In Fact)

Plaintiff cannot prove facts that show Defendants' acts or omissions were the cause in

fact of the damages or losses alleged in its Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Plaintiff cannot prove the facts showing that Defendants' acts or omissions were the proximate cause of the damages or losses, including investigation and remediation required as alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contribution and Equitable Indemnity)

If Defendants, or any of them, are held liable to Plaintiff, the statutory and common law principles of contribution and equitable indemnity should be applied to determine the relative degree of fault among all culpable parties so that no party is called upon to bear more than its equitable share of liability, and should be applied to  compel the more culpable parties to defend Defendants, or any of them, against the claims asserted against them in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (De Minimus Harm)

The contribution to the damages or losses alleged in the Complaint, if any, was de minimus, negligible and insignificant.

## FOURTEENTH AFFIRMATIVE DERFENSE

### (Laches)

Plaintiff has unreasonably delayed the filing of this action to the prejudice of Defendants.  Therefore, the claims in the Complaint are, and each claim for relief against Defendants presented therein, is barred by the doctrine of Laches.

//

1

2

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Vagueness and Uncertainty)

3

Plaintiff's Complaint does not describe the events, acts, omissions, transactions,

4

losses, types of hazardous substances, or damages which form the basis of Defendants' alleged

5

liability for claims contained therein with sufficient particularity to enable Defendants to

6

determine all defenses that may exist to such allegations.  Defendants, therefore, reserve the right

7

to assert additional defenses once the precise nature of such events, acts, omissions, transactions,

8

issues, hazardous substances or damages is ascertained.

9

## SIXTEENTH AFFIRMATIVE DEFENSE

10

## (Failure to Join Indispensable Parties)

11

Defendant is informed and believes that Plaintiff failed to join indispensable parties.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

## (Lack of Notice)

14

Plaintiff failed to give Defendants reasonable, timely, or adequate notice of their

15

alleged liability, damage and/or injury to their prejudice.

16

## EIGHTEENTH AFFIRMATIVE DEFENSE

17

## (Failure to Exhaust Administrative Remedies)

18

Plaintiff is barred from recovering on its Complaint because it failed to fully take

19

advantage of the UST Cleanup Funds and other administrative remedies available before seeking

20

recover from Defendants.

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

## (Costs Inconsistent with the National Contingency Plan)

23

The response and/or remedial costs which Plaintiff seeks to recover, if any, were not

24

incurred in a manner consistent with the National Contingency Plan.

## TWENTIENTH AFFIRMATIVE DEFENSE

### (Unnecessary Costs of Response)

The response and/or remedial costs which Plaintiff seeks to recover were not necessary.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (CERCLA and HSAA Petroleum Exclusion)

Plaintiff is barred from recovering from Defendants on its Complaint to the extent of any damages caused by petroleum or petroleum products because they are specifically excluded from the definition of hazardous substance in 42 U.S.C. §9601(14), which therefore precludes any such recovery by Plaintiff.

## TWENTY-SECOND AFFIRMITIVE DEFENSE

### (Double Recovery)

To the extent that Plaintiff is entitled to recover compensation for removal and/or remedial costs or damages pursuant to CERCLA, if at all, Plaintiff is precluded from recovery under HSAA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Set-Off)

Defendants are entitled to an offset against any liability for the greater of (1) any amounts actually paid by any person for any of the costs and/or damages alleged in the Complaint, or (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Complaint.

10596000.DOCX

DEFENDANTS ROBERT E. HILL, ROBERT W. HILL AND PRIVETTE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST UNION PACIFIC RAILROAD COMPANY

24

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendants reserve the right herein to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendants pray as follows:

1.     That the relief sought by way of the prayer for relief in the Complaint be denied in its entirety;

2.     That Plaintiff take nothing by way of its Complaint;

3.     That the Complaint be dismissed;

4.     That Defendants be awarded their costs of suit, including attorneys' fees; and

5.     For such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND:

Defendants hereby demand trial by jury of any and all issues so triable.

### COUNTERCLAIM

Defendants and Counter-Claimants Robert E. Hill, Robert W. Hill and Privette, Inc. ("Counter-Claimants") allege the following as counterclaims against Plaintiff and Counter-Defendant UPRR:

### JURISDICTION AND VENUE

1.     This court has exclusive jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §9613, 28 U.S.C. §1331.

2.     Venue is proper in this judicial district pursuant to 42 U.S.C. §9607, 28 U.S.C. §1391(b) and (c), because the claim arose in the Northern District of California, San Jose,

10596000.DOCX

DEFENDANTS ROBERT E. HILL, ROBERT W. HILL AND PRIVETTE, INC.'S ANSWER TO COMPLAINT
AND COUNTERCLAIMS AGAINST UNION PACIFIC RAILROAD COMPANY
25

1    California.

2        3.      The state law claims alleged in the Counterclaim are related to the federal claims

3    pursuant to 28 U.S.C. §1367(a) and fall within the Court's supplemental jurisdiction.

4                                        **PARTIES**

5        4.      Robert E. Hill is an individual who was a director, officer and shareholder of

6    Privette, Inc. ("Privette").  Privette, doing business as ZZZ Sanitation, Co. occupied the Property

7    between 1964 and 1976.

8        5.      Robert W. Hill is an individual who was a director, officer and shareholder of

9    non-party Tote-A-Shed, Inc.

10       6.      Privette is a dissolved California corporation.

11       7.      Counter-Claimants are informed and believe that Counter-Defendant Union

12   Pacific Railroad Company ("UPRR") is the owner of the property at 725 Chestnut Street, San

13   Jose, California (the "Property").  Counter-Claimants are further informed and believe that

14   UPRR is the successor in interest to Southern Pacific Company and Southern Pacific

15   Transportation which has owned the Property since the 1800's.

16                                **GENERAL ALLEGATIONS**

17       8.      Counter-Claimants are informed and believe that other individuals and entities,

18   including UPRR and its predecessors-in-interest occupied the Property between the 1800's and

19   the present.  The Property is an industrial area surrounded by businesses that use and used

20   hazardous substances.  The Property is adjacent to UPRR's railroad right-of-way where multiple

21   railroad freight cars and tankers have passed, parked, coupled and uncoupled over many decades.

22   Counter-Claimants are informed and believe that UPRR and its predecessors transported tankers

23   containing, inter alia, chlorinated solvents along the railroad tracks adjacent to the Property.

24

Counter-Claimants are informed and believe that UPRR and its predecessors also operated a switching house on the Property, along with mechanical switching mechanisms for switching trains from track to track, including cleaning, degreasing, spilling and leaking chlorinated solvents and other hazardous substances.  UPRR and its predecessor used the Property for parking, spraying tracks, railcar maintenance and control, including parking tankers that travelled throughout the Silicon Valley rail corridor.  UPRR and its predecessor used all or portions of the Property during its ownership and leased the Property to various lessees.  UPRR did not fence the Property during its use or when it was vacant.

9.      Counter-Claimants are informed and believe that UPRR claims to have conducted environmental investigations and discovered that the Property is contaminated by the following hazardous substances which UPRR identifies as "Environmental Contaminants":

- trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), cis-1,2-dichloroethene (cis-1,2-DCE), 1,1-dichloroethane ("1,1-DCA"), 1,2-dichlorobenzene, methylene chloride, 1,1,-trichloroethane ("1,1, 1-TCA"), Freon 113, benzene, toluene, ethylbenzene, xylenes, and acetone in soil;

- TCE, PCE, vinyl chloride, cis-1,2-DCE,-l,l-DCA, trans-1,2 dichloroethene ("'trans-1,2-DCE"), 1,1,1-TCA, carbon tetrachloride, 1,2-dibromo-3-chloropropane, 1,1-dichloroethene, cis-1,2-DCE, 1,2-dichlorobenzene, methyl ethyl ketone ("MEK"), acetone, benzene, ethyl benzene, xylenes, and 1,4-dioxane in groundwater; and

- TCE; 1,1-DCA; 1,2-DCA; benzene; chloroform, and vinyl chloride in soil vapor.  ("Environmental Contaminants").

10.     Counter-Claimants are informed and believe that UPRR and its predecessors caused or contributed to the past or present handling, storage, treatment, transportation,

generation, release or disposal of hazardous substances, hazardous waste, and/or solid waste in the environment in, at, and around the Property including soil, land, subsurface, strata, air, vapor, groundwater, surface water and the waters of the State of California. Counter-Claimants are informed and believe that UPRR's and its predecessor's use of the Property and control of the adjacent multi-track right-of-way was operation of a business as to which hazardous substances were used, released, transported and otherwise disposed of or discarded and that UPRR and its predecessors failed to prevent or abate the hazardous substances, hazardous waste and/or solid waste contamination that it caused to be released and spilled at or around the Property.

11.     As a result of UPRR's releases and threatened releases of hazardous substances, including the Environmental Contaminants, at the Property and at and around the railroad right-of-way adjacent to the Property, UPRR has caused contamination at the Property and are liable under 42 U.S.C. §9607(a) for response costs.

12.     An actual controversy has arisen and now exists between Counter-Claimant and UPRR concerning each party's respective rights and duties.  On April 30, 2021 UPRR filed an action against Counter-Claimants pursuant to 42 U.S.C. §9607(a) for response costs for environmental contamination at the Property.

13.     In the event Counter-Claimants are determined to be liable for any of UPRR's alleged response costs or damages, which liability Counter-Claimants deny, Counter-Claimants seek contribution from UPRR for such costs and amounts under 42 U.S.C. §9613(f) and the California Health & Safety Code §25363(e), and state law equitable indemnity and contribution principles.

14.     Counter-Claimants further seek a declaratory judgment under §113(g)(2) of CERCLA, California Health & Safety Code §25323, and under state law, finding that UPRR is

1  liable for any response costs and other costs or damages and/or its equitable/proportional share of

2  the same.

3       15.      Counter-Claimants are informed and believe and thereon allege that at all times

4  mentioned herein, UPRR was legally responsible in some manner for the events and happenings

5  referred to in its Complaint.

6                        **FIRST COUNTERCLAIM FOR RELIEF**

7            **(Contribution Pursuant to CERCLA §113(f), 42 U.S.C. §9613(f))**

8       16.      Counter-Claimants reallege and incorporate by reference the allegations set forth

9  above, as though fully set forth herein.

10      17.      The Property is a facility within the meaning of CERCLA, 42 U.S.C. §9601(9).

11      18.      "Hazardous substances" within the meaning of CERCLA, 42 U.S.C. §9601(14)

12 and, in particular, Environmental Contaminants as set forth in paragraph 34 of UPRR's

13 Complaint, are alleged to have been released at the Property and at or around the railroad tracks

14 on the UPRR right-of-way adjacent to the Property by and during the ownership of the Property

15 by UPRR.

16      19.      UPRR is a person within the meaning of CERCLA, 42 U.S.C. §9601 (21).  UPRR

17 itself and as successor to Southern Pacific Railroad Company owned and operated at the

18 Property which are facilities within the meaning of CERCLA and is a responsible party under

19 CERCLA and a responsible person within the meaning of 42 U.S.C. §9607(a). UPRR is a liable

20 person as the current owner and operator of the Property and the railroad tracks in the adjacent

21 right-of-way at the time of disposal of hazardous substances, including hazardous substances and

22 the Environmental Contaminants that UPRR alleges to have come to be located at, on, beneath

23 and around the Property.  Counter-Claimant is informed and believes and thereon alleges that

24

1   UPRR and its predecessor's actions and omissions resulted in the damages alleged by UPRR.

2       20.    CERCLA, 42 U.S.C. §9613(f) allows Counter-Claimants to seek contribution

3   from any person who is a responsible party under CERCLA.

4       21.    While Counter-Claimants deny any liability to UPRR, UPRR is liable to Counter-

5   Claimants for contribution toward any costs they may incur in responding to and/or reimbursing

6   UPRR or any other persons for the alleged release of hazardous substances at the Property in

7   amounts to be determined at the trial of this matter.

8       22.    Counter-Claimants are informed and believe, and on that basis allege, that UPRR

9   caused or contributed to any alleged contamination at, or the migration and release at, the

10  Property during its ownership of the Property including releasing, spreading, grading, disposal of

11  hazardous substances and hazardous waste, including the Environmental Contaminants, while

12  owning and operating a facility at and/or in the vicinity of the Property.

13      23.    If Counter-Claimants are held liable to UPRR, or to anyone else, for damages as a

14  result of the incidents and occurrences alleged in UPRR's Complaint pursuant to its claims under

15  42 U.S.C. §9607(a), the damages, if any, were either wholly or in part directly and proximately

16  caused by the conduct of UPRR and its predecessors in its operations at and near the Property.

17      24.    Pursuant to CERCLA §113(f), 42 U.S.C. §9613(f), UPRR should be required to

18  pay one hundred percent (100%) contribution, or a share of the damages which is in proportion

19  to its comparative responsibility vis a vis Counter-Claimant in causing the damages and as owner

20  and operator of the Property, and should further be required to reimburse Counter-Claimants for

21  any payment of damages they may be held liable for in excess of their proportional share, if any,

22  of all parties' responsibility for the damages.

23  //

24

10596000.DOCX

DEFENDANTS ROBERT E. HILL, ROBERT W. HILL AND PRIVETTE, INC.'S ANSWER TO COMPLAINT
AND COUNTERCLAIMS AGAINST UNION PACIFIC RAILROAD COMPANY
30

## SECOND COUNTERCLAIM FOR RELIEF

### (Contribution)

25.     Counter-Claimants reallege and incorporate by reference the allegations set forth above, as though fully set forth herein.

26.     On information and belief, UPRR and its predecessors conducted themselves in their 100-plus year ownership and operation of the Property as alleged herein so as to directly, proximately and/or casually cause and/or contribute to the damages as alleged in UPRR's Complaint.

27.     UPRR is a liable party and a responsible party and Counter-Claimants are entitled to contribution from UPRR for any costs they incur for the alleged release of hazardous substances at the Property, including without limitation, costs of investigation, clean-up, removal of contaminated soils, remediation of groundwater, remediation of soil gas/, addressing indoor air quality, and completing any additional investigation and/or remediation at the Property, in amounts to be determined at the trial of this matter.

28.     Counter-Claimants will, therefore, be entitled to contribution from UPRR for all resulting damages and liability proximately and actually caused by them.

## THIRD COUNTERCLAIM FOR RELIEF

### (Contribution – California Hazardous Substance Account Act)

29.     Counter-Claimants reallege and incorporate by reference the allegations set forth above, as though fully set forth herein.

30.     The Carpenter-Presley-Turner Hazardous Substance Account Act ("HSAA"), Health & Safety Code §25300 et seq., was enacted to encourage the expedient cleanup of hazardous substances in the environment.  In furthering this goal, the California Legislature

included the statutory right of contribution for those parties who clean up contaminated properties from those parties who are responsible for contamination.

31.    HSAA §25363(e) provides that "[a]ny person who has incurred removal or remedial action costs in accordance with [HSAA]…may seek contribution or indemnity from any person who is liable pursuant to [HSAA]."

32.    A "liable person" is defined in the Health & Safety Code §25323.5(a) as "those person's described in section 107(a) of CERCLA, 42 U.S.C. §9607(a)."

33.    "Those persons described in section 107(a)" of CERCLA include the owner and operator of a facility, any person who at the time of a disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed, and any person who arranged for disposal or treatment of hazardous substances for transport to a facility.  42 U.S.C. §9607(a).

34.    Counter-Claimants are informed and believe and on that basis allege that UPRR is a liable person as defined in Health & Safety Code §25323.5(a) and 42 U.S.C. §§25319 and 25323(a).

35.    Counter-Claimants are informed and believes and on that basis alleges that there have been releases or threatened releases of hazardous substances into the environment at, under and around the Property and that UPRR and its predecessors have conducted themselves during their ownership and operation of the Property so as to directly, proximately cause and/or contribute to the damages as alleged in UPRR's Complaint and herein.

36.    While Counter-Claimants deny any liability to UPRR, Counter-Claimants are entitled to contribution from UPRR pursuant to California Health & Safety Code §25363, as to any costs they may incur in responding to or reimbursing any person for the alleged release of

hazardous substances at the Property in amounts to be determined at the trial of this matter.

## FOURTH COUNTERCLAIM FOR RELIEF

### (Declaratory Relief Under CERCLA)

37.     Counter-Claimants reallege and incorporate by reference the allegations set forth above, as though fully set forth herein.

38.     An actual dispute and controversy has arisen and now exists between Counter-Claimants and UPRR concerning the parties' respective obligations arising from the alleged release or threatened release of hazardous substances to the Property as follows:

(a)     Counter-Claimants deny that they are responsible parties under CERCLA, 42 U.S.C. §9607(a) and thus deny any liability for any costs which UPRR-Defendant alleges to have incurred or will incur as a result of the alleged releases o hazardous substances to the Property.

(b)     On information and belief, UPRR denies that it is responsible for any of the costs incurred or to be incurred as a result of the alleged release  or threatened release of hazardous substances to the Property.

39.     Unless all of the rights, duties and obligations of Counter-Claimants and UPRR are determined in this action, there will be a multiplicity of actions.  Judicial determination of the liability of each party is necessary and appropriate in order that Counter-Claimants may ascertain their rights as against UPRR.

40.     Pursuant to 28 U.S.C. §2201(a) and 42 U.S.C. §9613 and other applicable law for the allocation of liability for past, present and future response costs and damages and other liabilities, this Court has jurisdiction to award declaratory relief.  Counter-Claimants therefore request a judicial determination of their rights and the duties and obligations of UPRR, and all

others, with respect to the alleged release of hazardous substances to the Property and to employ all equitable factors and principles in determining fault and liability of each party in making such allocation and apportionment for contributions by, between and among parties.

## FIFTH COUNTERCLAIM FOR RELIEF

### (Declaratory Relief under HSAA)

41.     Counter-Claimants reallege and incorporate by reference the allegations set forth above, as though fully set forth herein.

42.     An actual controversy has arisen and now exists between Counter-Claimants and UPRR concerning the parties' respective obligations and liabilities arising from the alleged release of hazardous substances to the Property as follows:

(a)     Counter-Claimants deny that they have any liability for any costs UPRR alleges it has incurred or will incur as a result of alleged releases of hazardous substances at the Property;

(b)     On information and belief, UPRR denies liability for any of the costs incurred or to be incurred as a result of the alleged release of hazardous substances at the Property.

43.     Unless all of the rights, duties and obligations of Counter-Claimants and UPRR are determined in this action, there will be a multiplicity of actions.  Judicial determination of the liability of each party is necessary and appropriate in order that the Counter-Claimants may ascertain their rights as against UPRR.

44.     Counter-Claimants request a judicial determination of their rights, and the duties and obligations of UPRR and others with respect to the alleged release of hazardous substances at, under and around the Property and the alleged damages resulting therefrom.  Counter-

Claimants further request that this Court apply all equitable factors and principles in determining the fault and liability of each party in making an allocation and apportionment for contributions by, between and among the parties.

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Claimants pray for judgement against UPRR as follows:

1.      Against UPRR for contribution  under CERCLA and HSAA for all past and future response costs incurred or to be incurred by Counter-Claimants on account of releases and threatened releases of hazardous substances at, on beneath, around and from the Property in an amount to be proven at trial;

2.      For damages from UPRR to compensate Counter-Claimants for the costs they have incurred and will incur in response to the alleged contamination at the Property, the exact amount of which will be ascertained according to proof;

3.      For all costs of suit herein;

4.      For reasonable attorneys fees;

5.      For a judicial declaration that UPRR is solely and entirely liable for future response costs  due to the continuing presence of hazardous substances at the Property and that Counter-Claimants have no liability to UPRR; and

6.      For such other and further relief as this Court deems just and proper.

Dated: January 14, 2022                    SILICON VALLEY LAW GROUP

By:___/s/ Kathryn E. Barrett_____
     Kathryn E. Barrett

Attorneys for Defendants
Robert E. Hill, Robert W. Hill
and Privette, Inc.