1  KAMRAN JAVANDEL (BAR NO. 272900)
   MICHELLE F. CATAPANG (BAR NO. 308038)
2  MOLLY COYNE (BAR NO. 312914)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   Three Embarcadero Center, 12th Floor
4  San Francisco, California  94111-4074
   Phone:  (415) 837-1515
5  Fax:  (415) 837-1516
   E-Mail:  kjavandel@allenmatkins.com
6          mcatapang@allenmatkins.com
           mcoyne@allenmatkins.com
7
   Attorneys for Defendant
8  Mobile Mini, Inc., as successor-in-interest
   to Tote-A-Shed, Inc.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13  UNION PACIFIC RAILROAD                Case No. 5:21-cv-03216-BLF
    COMPANY, a Delaware corporation,
14                                        **DEFENDANT MOBILE MINI, INC.'S**
                  Plaintiff,              **ANSWER TO COMPLAINT AND**
15                                        **COUNTERCLAIMS AGAINST PLAINTIFF**
          vs.                             **UNION PACIFIC RAILROAD COMPANY**
16
    ROBERT E. HILL, in his capacity as an
17  individual and a person previously doing
    business as ZZZ Sanitation Co.; ROBERT W.  [DEMAND FOR JURY TRIAL]
18  HILL, in his capacity as an individual and a
    person previously doing business as ZZZ
19  Sanitation Co.; PRIVETTE INC., a dissolved
    California corporation previously doing
20  business as ZZZ Sanitation Co.; MOBILE
    MINI, INC., a Delaware corporation sued in its
21  capacity as the successor-in-interest to TOTE-
    A-SHED, INC., a California corporation
22  previously doing business as ZZZ Sanitation
    Co.; and DOES 1 through 30, inclusive,
23
                  Defendant.
24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4860-2913-1785.3

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1      MOBILE MINI, INC. ("MMI") hereby answers the Complaint ("Complaint") of Plaintiff

2  Union Pacific Railroad Company ("Plaintiff") as follows:

3                              <u>**NATURE OF ACTION**</u>

4      1.      MMI admits upon information and belief that Defendants Robert E. Hill and Robert

5  W. Hill owned or operated businesses that operated on real property located at 725 Chestnut Street

6  in San Jose, California.  Lines 7 through 10 of paragraph 1 of the Complaint set forth the nature of

7  Plaintiff's claims and the remedy being sought in this action and require no response.  MMI lacks

8  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

9  allegations set forth in Paragraph 1 of the Complaint, and on that basis denies them.

10                                  <u>**PARTIES**</u>

11     2.      MMI lacks knowledge or information sufficient to form a belief as to the truth or

12  falsity of the allegations set forth in Paragraph 2 of the Complaint, and on that basis denies them.

13     3.      MMI admits upon information and belief that Defendant Robert E. Hill is an

14  individual who engaged in business activities in San Jose, California.  MMI lacks knowledge or

15  information sufficient to form a belief as to the truth or falsity of the remaining allegations set

16  forth in Paragraph 3 of the Complaint, and on that basis denies them.

17     4.      MMI admits upon information and belief that Defendant Robert W. Hill is an

18  individual who engaged in business activities in San Jose, California.  MMI lacks knowledge or

19  information sufficient to form a belief as to the truth or falsity of the remaining allegations set

20  forth in Paragraph 4 of the Complaint, and on that basis denies them.

21     5.      MMI admits that Mobile Mini, Inc. is a corporation organized and existing under

22  the laws of the State of Delaware with its principal place of business in Phoenix, AZ. MMI admits

23  that, in 2008, Mobile Storage Group, Inc. purchased all of the stock of Tote-A-Shed, Inc. ("Tote-

24  A-Shed") and Tote-A-Shed was merged into Mobile Storage Group, Inc; and that on or around

25  April 28, 2021, Mobile Storage Group, Inc was merged into Mobile Mini, Inc.  MMI lacks

26  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

27  allegations set forth in Paragraph 5 of the Complaint, and on that basis denies them.

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-2-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

6.      MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and on that basis denies them.

7.      Paragraph 7 of the Complaint sets forth the nature of Plaintiff's claims as well as legal conclusions, and no response is required.

8.      Paragraph 8 of the Complaint sets forth the nature of Plaintiff's claims and no response is required.

**JURISDICTION AND VENUE**

9.      MMI admits that this Court has jurisdiction pursuant to 42 U.S.C. Section 9607, 42 U.S.C. Section 6972(a)(1)(B) and 28 U.S.C. Section 1331 and that supplemental jurisdiction exists for state law claims. Except as expressly stated, MMI denies the remaining allegations set forth in Paragraph 9.

10.     MMI admits that the property that is the subject of this action is located in this judicial district and the events that give rise to the Complaint are alleged to have occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

11.     MMI admits that the property that is the subject of this action is located in Santa Clara County and the events that give rise to the Complaint are alleged to have occurred in Santa Clara County.

**FACTUAL ALLEGATIONS**

12.     MMI denies that it ever conducted any operations at the real property located at 725 Chestnut Street, San Jose, in Santa Clara County, California, or at any other address by which that property or any portion thereof was ever known.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 12 of the Complaint, and on that basis denies them.

13.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint, and on that basis denies them.

14.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint, and on that basis denies them.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-3-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

15.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Complaint, and on that basis denies them.

16.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, and on that basis denies them.

17.     MMI admits that the California Secretary of State website reflects that Privette, Inc. dissolved on July 8, 1987.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 17 of the Complaint, and on that basis denies them.

18.     MMI admits upon information and belief that Tote-A-Shed, Inc., was incorporated on October 25, 1983, and that it ceased operating at the subject Property in the early 1990s.  MMI denies that, on February 20, 2004, Tote-A-Shed merged into Mobile Storage Group, Inc.  MMI admits that, in 2008, Mobile Storage Group, Inc. purchased all of the stock of Tote-A-Shed, Inc. ("Tote-A-Shed") and Tote-A-Shed was merged into Mobile Storage Group, Inc; and that on or around April 28, 2021, Mobile Storage Group, Inc was merged into Mobile Mini, Inc.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 18 of the Complaint, and on that basis denies them.

19.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint, and on that basis denies them.

20.     Paragraph 20 sets forth legal conclusions to which no response is required. To the extent that Paragraph 20 alleges facts, MMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and on that basis denies them.

21.     Paragraph 21 sets forth legal conclusions to which no response is required. To the extent that Paragraph 21 alleges facts pertaining to MMI, MMI denies that it ever operated at the subject Property; that it consists of Hill family members or businesses owned or operated by Hill family members; that it ever acted on behalf of any other defendant or that any other defendant ever acted on its behalf; and that it held itself out to third parties as one and the same representative, continuation, or agent of any other defendant.  MMI lacks knowledge or

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-4-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 21 of the Complaint, and on that basis denies them. To the extent Paragraph 21 alleges that MMI is/was related to another defendant in an agency capacity, such allegations were stricken by the Court's December 16, 2021 Order Granting in Part and Denying in Part Mobile Mini, Inc.'s Motion to Strike, and thus require no response.

22.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint, and on that basis denies them.

23.     Paragraph 23 sets forth the nature of Plaintiff's Complaint and requires no response.

24.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint, and on that basis denies them.

25.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint, and on that basis denies them.

26.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Complaint, and on that basis denies them.

27.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the Complaint, and on that basis denies them.

28.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Complaint, and on that basis denies them.

29.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint, and on that basis denies them.

30.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 30 of the Complaint, and on that basis denies them.

31.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of the Complaint, and on that basis denies them.

32.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint, and on that basis denies them.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4860-2913-1785.3

-5-
MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

33.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of the Complaint, and on that basis denies them.

34.     MMI denies that it ever operated at the subject Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 34 of the Complaint, and on that basis denies them.

35.     To the extent Paragraph 35 alleges that MMI caused environmental contamination to the subject Property, MMI denies any such allegation.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 35 of the Complaint, and on that basis denies them.

36.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the Complaint, and on that basis denies them.

37.     MMI admits, on information and belief, that activities have been conducted to investigate environmental contamination at the real property located at 725 Chestnut Street, San Jose, California.  Except as expressly stated, MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the Complaint, and on that basis denies them.

38.     Paragraph 38 sets forth legal conclusions to which no response is required. To the extent that Paragraph 38 alleges facts, MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Complaint, and on that basis denies them.

39.     Paragraph 39 sets forth legal conclusions to which no response is required. To the extent that Paragraph 39 alleges facts, MMI denies that it ever operated at the subject Property. MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 39 of the Complaint, and on that basis denies them.

40.     The allegations in Paragraph 40 constitute Plaintiff's characterization of documents, which are the best evidence of their contents, and therefore MMI denies any allegation inconsistent with such documents. MMI denies any remaining allegations contained in this paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4860-2913-1785.3

-6-
MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1    41.    The allegations in Paragraph 41 constitute Plaintiff's characterization of

2 documents, which are the best evidence of their contents, and therefore MMI denies any allegation

3 inconsistent with such documents. MMI lacks knowledge or information sufficient to form a belief

4 as to the truth or falsity of the remaining allegations set forth in Paragraph 41 of the Complaint,

5 and on that basis denies them.

6    42.    The allegations in Paragraph 42 constitute Plaintiff's characterization of

7 documents, which are the best evidence of their contents, and therefore MMI denies any allegation

8 inconsistent with such documents. MMI lacks knowledge or information sufficient to form a belief

9 as to the truth or falsity of the remaining allegations set forth in Paragraph 42 of the Complaint,

10 and on that basis denies them.

11    43.    The allegations in Paragraph 43 constitute Plaintiff's characterization of

12 documents, which are the best evidence of their contents, and therefore MMI denies any allegation

13 inconsistent with such documents.

14    44.    The allegations in Paragraph 44 constitute Plaintiff's characterization of

15 documents, which are the best evidence of their contents, and therefore MMI denies any allegation

16 inconsistent with such documents.

17    45.    MMI lacks knowledge or information sufficient to form a belief as to the truth or

18 falsity of the allegations set forth in Paragraph 45 of the Complaint, and on that basis denies them.

19                    **FIRST CLAIM FOR RELIEF**

20                    **(CERCLA § 107 Cost Recovery**)

21    46.    MMI re-alleges its responses to paragraphs 1-45 above with the same force and

22 effect as if fully set forth herein.

23    47.    Paragraph 47 of the Complaint sets forth the nature of Plaintiff's claims for which

24 no response is required.

25    48.    Paragraph 48 of the Complaint sets forth legal conclusions to which no response is

26 required.

27    49.    Paragraph 49 of the Complaint sets forth legal conclusions to which no response is

28 required.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4860-2913-1785.3

-7-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1    50.    Paragraph 50 of the Complaint sets forth legal conclusions to which no response is

2    required.

3    51.    Paragraph 51 sets forth legal conclusions to which no response is required. To the

4    extent that Paragraph 51 alleges facts, MMI denies that it managed, directed or conducted

5    operations at the subject Property.  MMI lacks knowledge or information sufficient to form a

6    belief as to the truth or falsity of the remaining allegations set forth in Paragraph 51 of the

7    Complaint, and on that basis denies them.

8    52.    Paragraph 52 sets forth legal conclusions to which no response is required. To the

9    extent that Paragraph 52 alleges facts, MMI denies that it released and/or disposed of

10   Environmental Contaminants at the subject Property.[1]  MMI lacks knowledge or information

11   sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in

12   Paragraph 52 of the Complaint, and on that basis denies them.

13   53.    Paragraph 53 of the Complaint sets forth legal conclusions to which no response is

14   required.  To the extent that Paragraph 52 alleges facts, MMI denies that it operated at the subject

15   Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity

16   of the remaining allegations set forth in Paragraph 53 of the Complaint, and on that basis denies

17   them.

18   54.    MMI lacks knowledge or information sufficient to form a belief as to the truth or

19   falsity of the allegations set forth in Paragraph 54 of the Complaint, and on that basis denies them.

20   55.    Paragraph 55 of the Complaint sets forth legal conclusions to which no response is

21   required.

22   **SECOND CLAIM FOR RELIEF**

23   **(Declaratory Relief Under CERCLA and Federal**

24   **Declaratory Judgment Act)**

25   56.    MMI re-alleges its responses to paragraphs 1-55 above with the same force and

26   effect as if fully set forth herein.

27

28   [1]    To avoid confusion, for purposes of MMI's Answer, the term "Environmental Contaminants" is as defined in Plaintiff's Complaint.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4860-2913-1785.3

-8-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

57.     Paragraph 57 of the Complaint sets forth the nature of Plaintiff's claims for which no response is required.

58.     MMI admits that an actual, justiciable controversy exists between Plaintiff and MMI. MMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 58 of the Complaint, and on that basis denies them.

59.     Paragraph 59 of the Complaint sets forth the nature of Plaintiff's claims and the remedy being sought in this action for which no response is required.

## THIRD CLAIM FOR RELIEF

### (RCRA Injunctive Relief (RCRA

### Violations and Imminent and

### Substantial Endangerment)

60.     MMI re-alleges its responses to paragraphs 1-59 above with the same force and effect as if fully set forth herein.

61.     Paragraph 61 of the Complaint sets forth the nature of Plaintiff's claims for which no response is required.

62.     Paragraph 62 of the Complaint sets forth the nature of Plaintiff's claims for which no response is required.

63.     Paragraph 63 sets forth legal conclusions to which no response is required. To the extent that Paragraph 63 alleges facts, MMI denies any allegation in Paragraph 63 that MMI operated at the subject Property or that any such operations caused environmental contamination on the Property. MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 63 of the Complaint, and on that basis denies them.

64.     Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required.

65.     Paragraph 65 sets forth legal conclusions to which no response is required. To the extent that Paragraph 65 alleges facts, MMI lacks knowledge or information sufficient to form a

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-9-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

4860-2913-1785.3

belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint, and on that basis denies them.

66.    MMI admits that Plaintiff provided MMI the notice attached as Exhibit B to the Complaint more than 90 days before Plaintiff filed the Complaint in this action.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 66 of the Complaint, and on that basis denies them.

67.    Paragraph 67 sets forth legal conclusions to which no response is required. To the extent that Paragraph 67 alleges facts, MMI denies any allegation in Paragraph 67 of the Complaint that MMI "contributed" any environmental contaminant or other hazardous waste and/or solid waste at the subject Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 67 of the Complaint, and on that basis denies them.

68.    Paragraph 68 sets forth legal conclusions to which no response is required. To the extent that Paragraph 68 alleges facts, MMI denies that it is "in violation" of any RCRA Requirement with respect to the Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 68 of the Complaint, and on that basis denies them.

69.    MMI admits Paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint sets forth legal conclusions to which no response is required.

71.    Paragraph 71 of the Complaint sets forth legal conclusions to which no response is required.

## **FOURTH CLAIM FOR RELIEF**

### **(Contribution/Indemnity Under California HSAA)**

72.    MMI re-alleges its responses to paragraphs 1-71 above with the same force and effect as if fully set forth herein.

73.    Paragraph 73 of the Complaint sets forth the nature of Plaintiff's claims for which no response is required.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-10-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

74.     Paragraph 74 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that Paragraph 74 alleges facts pertaining to MMI, MMI denies that it is a "responsible party" or "liable person" under section 25323.5(a) of the HSAA.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 74 of the Complaint, and on that basis denies them.

75.     Paragraph 75 sets forth legal conclusions to which no response is required. To the extent that Paragraph 75 alleges facts, MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 75 of the Complaint, and on that basis denies them.

76.     Paragraph 76 sets forth legal conclusions to which no response is required.

77.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 77 of the Complaint, and on that basis denies them.

**FIFTH CLAIM FOR RELIEF**

**(Private Continuing Nuisance)**

78.     MMI re-alleges its responses to paragraphs 1-77 above with the same force and effect as if fully set forth herein.

79.     Paragraph 79 of the Complaint sets forth the nature of Plaintiff's claims for which no response is required.

80.     MMI denies that it ever occupied, used or operated at the subject Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 80 of the Complaint, and on that basis denies them.

81.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 81 of the Complaint, and on that basis denies them.

82.     MMI denies any allegation in Paragraph 82 that it caused releases of Environmental Contaminants at the subject Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 82 of the Complaint, and on that basis denies them.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-11-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1       83.    MMI denies any allegation in Paragraph 83 that it caused releases of

2  Environmental Contaminants at the subject Property.  MMI lacks knowledge or information

3  sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in

4  Paragraph 83 of the Complaint, and on that basis denies them.

5       84.    MMI denies any allegation in Paragraph 84 that it caused releases of

6  Environmental Contaminants at the subject Property.  MMI lacks knowledge or information

7  sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in

8  Paragraph 84 of the Complaint, and on that basis denies them.

9       85.    MMI denies any allegation in Paragraph 85 that it caused releases of

10  Environmental Contaminants at the subject Property.  As for the remaining allegations in

11  Paragraph 85, those allegations set forth legal conclusions for which no response is required.

12       86.    Paragraph 86 sets forth legal conclusions to which no response is required. To the

13  extent that Paragraph 86 alleges facts, MMI denies the allegations of Paragraph 86 that MMI's

14  activities caused contamination on the Property. MMI lacks knowledge or information sufficient

15  to form a belief as to the truth of the remaining allegations set forth in Paragraph 86 of the

16  Complaint, and on that basis denies them.

17       87.    MMI denies any allegation in Paragraph 87 that any act or omission by MMI has

18  caused Plaintiff to incur any cost or interfered with Plaintiff's free use and enjoyment of the

19  Property. MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity

20  of the remaining allegations set forth in Paragraph 87 of the Complaint, and on that basis denies

21  them.

22       88.    Paragraph 88 of the Complaint sets forth legal conclusions to which no response is

23  required. To the extent that Paragraph 86 alleges facts, MMI denies that its conduct was a

24  substantial factor in causing Plaintiff's alleged harm.

25       89.    MMI denies any allegation in Paragraph 89 that it conducted operations at the

26  subject Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth

27  or falsity of the remaining allegations set forth in Paragraph 89 of the Complaint, and on that basis

28  denies them.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-12-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

90.     MMI denies any allegation in Paragraph 90 that it released and/or disposed of Environmental Contaminants at the subject Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 90 of the Complaint, and on that basis denies them.

**SIXTH CLAIM FOR RELIEF**

**(Public Continuing Nuisance)**

91.     MMI re-alleges its responses to paragraphs 1-90 above with the same force and effect as if fully set forth herein.

92.     Paragraph 92 of the Complaint sets forth the nature of Plaintiff's claims for which no response is required.

93.     Paragraph 93 sets forth legal conclusions to which no response is required. To the extent that Paragraph 93 alleges facts, MMI denies that it created or permitted a condition to exist at the subject Property that is harmful to human health and environment.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 93 of the Complaint, and on that basis denies them.

94.     MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 94 of the Complaint, and on that basis denies them.

95.     Paragraph 95 of the Complaint sets forth legal conclusions to which no response is required.

96.     Paragraph 96 sets forth legal conclusions to which no response is required. To the extent that Paragraph 96 alleges facts, MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 96 of the Complaint, and on that basis denies them.

97.     Paragraph 97 sets forth legal conclusions to which no response is required. To the extent that Paragraph 97 alleges facts, MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 97 of the Complaint, and on that basis denies them.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-13-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

4860-2913-1785.3

98.     Paragraph 98 sets forth legal conclusions to which no response is required. To the extent that Paragraph 98 alleges facts, MMI denies any allegation in Paragraph 98 that it operated at the subject Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 98 of the Complaint, and on that basis denies them.

99.     Paragraph 99 sets forth legal conclusions to which no response is required. To the extent that Paragraph 99 alleges facts, MMI denies any allegation in Paragraph 99 that it discharged Environmental Contaminants into the soil on the Property or allowed them to migrate into the subsurface below the Property.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 99 of the Complaint, and on that basis denies them.

100.    Paragraph 100 sets forth legal conclusions to which no response is required. To the extent that Paragraph 100 alleges facts, MMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint, and on that basis denies them.

101.    Paragraph 101 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that Paragraph 101 alleges facts, MMI denies that its conduct was a substantial factor in causing Plaintiff's alleged harm.

## SEVENTH CLAIM FOR RELIEF

### (Continuing Trespass)

102.    MMI re-alleges its responses to paragraphs 1-101 above with the same force and effect as if fully set forth herein.

103.    Paragraph 103 of the Complaint sets forth legal conclusions to which no response is required.

104.    Paragraph 104 of the Complaint sets forth legal conclusions to which no response is required.

105.    Paragraph 105 of the Complaint sets forth legal conclusions to which no response is required.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-14-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

106.    MMI denies any allegation in Paragraph 106 that it intentionally, recklessly or negligently allowed Environmental Contaminants to enter the Property and its subsurface.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 106 of the Complaint, and on that basis denies them.

107.    MMI denies any allegation in Paragraph 107 that it allowed Environmental Contaminants to enter the Property and its subsurface.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 107 of the Complaint, and on that basis denies them.

108.    MMI denies any allegation in Paragraph 108 that it allowed Environmental Contaminants to enter the Property and its subsurface.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 108 of the Complaint, and on that basis denies them.

109.    MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 109 of the Complaint, and on that basis denies them.

110.    MMI denies any allegation in Paragraph 110 that it allowed Environmental Contaminants to enter the Property and its subsurface or that such was a substantial factor in causing Plaintiff's alleged harm.  MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 110 of the Complaint, and on that basis denies them.

111.    MMI denies any allegation in Paragraph 111 that MMI released and/or disposed of Environmental Contaminants at the property. MMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 111 of the Complaint, and on that basis denies them.

112.    Paragraph 112 of the Complaint sets forth the nature of Plaintiff's claims and the remedy being sought in this action for which no response is required.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4860-2913-1785.3

-15-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1

## **RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

2      The remaining paragraphs of the Complaint contain Plaintiff's prayer for relief consisting

3  of legal conclusions for which no response is required.  Insofar as the prayer for relief alleges facts

4  that pertain to MMI, all allegations contained in the prayer are denied.  MMI lacks knowledge or

5  information sufficient to form a belief as to the truth of the remaining factual allegations, if any,

6  contained in the prayer, and on that basis denies them.

7

## **AFFIRMATIVE DEFENSES**

8

## **FIRST AFFIRMATIVE DEFENSE**

9

(Failure to State a Claim)

10      The Complaint, and each claim therein, fails to state a claim against MMI upon which

11  relief may be granted.

12

## **SECOND AFFIRMATIVE DEFENSE**

13

(Act of God)

14      MMI is not liable to Plaintiff because the alleged release or threat of release of hazardous

15  substances, if any, and the alleged damages resulting therefrom, if any, were caused solely by an

16  act of God.

17

## **THIRD AFFIRMATIVE DEFENSE**

18

(Act of War)

19      MMI is not liable to Plaintiff because the alleged release or threat of release of hazardous

20  substances, if any, and the alleged damages resulting therefrom, if any, were caused solely by an

21  act of war.

22

## **FOURTH AFFIRMATIVE DEFENSE**

23

(Act of Third Party)

24      MMI is not liable to Plaintiff because the alleged release or threat of release of hazardous

25  substances, if any, and the alleged damages resulting therefrom or response costs incurred on

26  account thereof, if any, were caused solely by an act or omission of a third party other than an

27  employee or agent of MMI or any alleged predecessor thereof.

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-16-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1

**FIFTH AFFIRMATIVE DEFENSE**

2

(Contributory and Comparative Negligence)

3   Any and all injury or damages were caused, in whole or in part, by Plaintiff's own

4   negligence, carelessness, lack of due care and fault, or by the negligence, carelessness, lack of due

5   care and fault of Plaintiff's agents, employees or tenants. Accordingly, the Complaint, and each

6   claim therein, is barred, in whole or in part, by Plaintiff's contributory or comparative fault.

7

**SIXTH AFFIRMATIVE DEFENSE**

8

(Superseding Cause)

9   Any act or omission of MMI or any alleged predecessor thereof was not a substantial

10   factor in bringing about the alleged injuries and damages and was not a contributing cause thereof,

11   but was superseded by the acts and omissions of third parties, which were independent,

12   intervening, and the proximate cause of any damages complained of by Plaintiff.

13

**SEVENTH AFFIRMATIVE DEFENSE**

14

(No Cause in Fact)

15   Any act or omission of MMI or any alleged predecessor thereof was not a cause in fact of

16   the injuries and damages allegedly sustained by Plaintiff.

17

**EIGHTH AFFIRMATIVE DEFENSE**

18

(Assumption of Risk)

19   MMI alleges that Plaintiff had knowledge of the risks necessarily incident to matters

20   alleged in the Complaint, and that if Plaintiff has suffered injuries or is entitled to any damages as

21   alleged in the Complaint, which is expressly denied, those injuries and/or damages arose from and

22   were caused by said risks knowingly and voluntarily assumed by Plaintiff.

23

**NINTH AFFIRMATIVE DEFENSE**

24

(*De Minimis* Harm)

25   The contribution of MMI, or any alleged predecessor thereof, to the alleged contamination,

26   if any (which contribution is denied) was *de minimis*.

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-17-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1

**TENTH AFFIRMATIVE DEFENSE**

2

(Release or Waiver)

3      The Complaint, and each claim therein, is barred, in whole or in part, by the doctrines of

4 express or implied release or waiver.

5

**ELEVENTH AFFIRMATIVE DEFENSE**

6

(Unclean Hands)

7      The Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of

8 unclean hands.

9

**TWELFTH AFFIRMATIVE DEFENSE**

10

(Laches)

11      The Complaint, and each claim therein, is barred by the equitable doctrine of laches

12 because of the unreasonable and prejudicial delay by Plaintiff in filing this action.

13

**THIRTEENTH AFFIRMATIVE DEFENSE**

14

(Failure to Join Indispensable Parties)

15      The Complaint is barred by Plaintiff's failure to join indispensable parties.

16

**FOURTEENTH AFFIRMATIVE DEFENSE**

17

(Failure to Mitigate)

18      The Complaint, and each claim therein, is barred, in whole or in part, by Plaintiff's failure

19 to mitigate any alleged damages.

20

**FIFTEENTH AFFIRMATIVE DEFENSE**

21

(Set-Off)

22      MMI is entitled to an offset against any liability for the greater of (1) any amounts actually

23 paid by any person for any of the costs and/or damages alleged in the Complaint, or (2) the

24 equitable share of the liability of any person or entity that has received or hereafter receives a

25 release from liability or a covenant not to sue with respect to any of the injuries, costs and

26 damages alleged in the Complaint.

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

-18-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

4860-2913-1785.3

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Estoppel)

3   The Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of

4   estoppel.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6

(Statutes of Limitations)

7   Each of Plaintiff's claims is barred by the applicable statutes of limitations.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

9

(Divisible Harm)

10   MMI is not liable, joint and severally or otherwise, because the contribution of MMI, and

11   any alleged predecessor thereof, to the contamination, if any, (which contribution is denied) is

12   divisible from that of the other parties in this action.

13

## NINETEENTH AFFIRMATIVE DEFENSE

14

(Comparative Fault)

15   Plaintiff's own negligence was a substantial factor in Plaintiff's alleged harms.

16

## TWENTIETH AFFIRMATIVE DEFENSE

17

(Apportionment of Fault)

18   Parties other than MMI contributed to Plaintiff's harm, were a substantial factor in

19   Plaintiff's harm, and any fault should be apportioned amongst such parties.

20

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21

(No Control over Responsible Parties)

22   Any loss, injury, or damage incurred by Plaintiff was proximately caused by the negligent

23   or willful acts or omissions of parties or other persons or entities whom MMI neither controlled

24   nor had the right to control, and was not proximately caused by any acts, omissions, or other

25   conduct of MMI.

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-19-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Justifiable Reliance)

MMI and its alleged predecessors reasonably and justifiably relied on the advice, recommendations, and/or expertise of others in any and all acts, omissions or decisions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Equitable Indemnification and Contribution)

To the extent that Plaintiff is entitled to recover from MMI, which MMI expressly denies, MMI is entitled to equitable indemnification and contribution from other persons and parties causing or contributing to such damages that would offset or eliminate any liability of MMI.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

Each and every claim asserted by Plaintiff is barred in whole or in part because it would result in unjust enrichment to Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Judicial Abstention)

The court should abstain, temporarily or permanently from deciding on the issues presented in order to avoid interference with the ongoing remediation of the site under the jurisdiction of the California Department of Toxic Substances Control.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Lack of Notice)

Each and every claim asserted by Plaintiff is barred in whole or in part because Plaintiff failed to give MMI reasonable, timely, or adequate notice of its alleged liability, damage and/or injury which failure has resulted in prejudice to MMI.

**TWENTY-SEVENTHAFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

Each and every claim asserted by Plaintiff is barred in whole or in part because Plaintiff failed to exhaust all available administrative remedies prior to seeking recovery from MMI.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Costs Inconsistent with the National Contingency Plan)

The response and/or remedial costs which Plaintiff seeks to recover, if any, were not incurred in a manner consistent with the National Contingency Plan.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Unnecessary Costs of Response)

The response and/or remedial costs which Plaintiff seeks to recover were not necessary.

**THIRTIETH AFFIRMATIVE DEFENSE**

(CERCLA and HSAA Petroleum Exclusion)

Plaintiff is barred from recovering from MMI on Plaintiff's Complaint to the extent of any damages caused by petroleum or petroleum products because they are specifically excluded from the definition of hazardous substance in 42 U.S.C. §9601(14), which therefore precludes any such recovery by Plaintiff.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Double Recovery)

To the extent that Plaintiff is entitled to recover compensation for removal and/or remedial costs or damages pursuant to CERCLA, if at all, Plaintiff is precluded from recovery under HSAA.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

MMI reserves the right to assert additional defenses in the event discovery reveals such defenses would be appropriate.

WHEREFORE, MMI prays as follows:

A.     That Plaintiff take nothing by way of its Complaint;

B.     That MMI be awarded reasonable attorneys' fees;

C.     That MMI be awarded costs of suit; and

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-21-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1    D.    For such further relief as this Court may deem just and proper.

2                                    **JURY TRIAL DEMAND**

3    MMI hereby demands trial by jury of any and all issues so triable.

4

5                        **MOBILE MINI'S COUNTERCLAIM AGAINST**

6                **PLAINTIFF UNION PACIFIC RAILROAD COMPANY**

7    Pursuant to Fed. R. Civ. P. 13, MMI, by and through the undersigned attorneys, asserts the

8    following counterclaims against Plaintiff UNION PACIFIC RAILROAD COMPANY

9    ("Plaintiff").

10           **NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE**

11   113.    Jurisdiction over this counterclaim is based on 28 U.S.C. Section 1331 and 42

12   U.S.C. Section 9613(b). This Court has supplemental jurisdiction of the state claims asserted in

13   this counterclaim pursuant to 28 U.S.C. Section 1367. This Counterclaim is brought under the

14   Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Section

15   9601, et. seq. ("CERCLA"), arising out of alleged releases or threatened releases of hazardous

16   substances at the property located at 725 Chestnut St., San Jose, California (the "Property") and

17   owned by Plaintiff. The federal and state claims here alleged are based on alleged contamination

18   of the same property, include allegations regarding the same parties and involves the same

19   operative facts. Judicial economy, convenience, and fairness to the parties will result if this Court

20   assumes and exercises jurisdiction over the state claims for relief alleged in this counterclaim.

21   114.    Venue and intra-district assignment is proper in this Court, in the San Jose

22   Division, under the provisions of 28 U.S.C. Section 1391(b) and the local rules. The acts,

23   omissions, and events detailed below occurred in and around San Jose, California, and therefore

24   venue is proper in the Federal District Court for the Northern District of California.

25   115.    Plaintiff Union Pacific Railroad Company ("Plaintiff") is a corporation organized

26   and existing under the laws of the State of Delaware with its principal place of business in Omaha,

27   Nebraska. Plaintiff Union Pacific is the successor-in-interest to Southern Pacific Company and

28   Southern Pacific Transportation Company.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-22-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

116.    Defendant Mobile Mini, Inc. ("MMI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona.

### FIRST CLAIM FOR RELIEF

**(Contribution Pursuant to CERCLA, 42 U.S.C. Section 9613(f) Against Plaintiff)**

117.    MMI incorporates by reference, as if fully set forth herein, paragraphs 1 through 116 of this Answer and Counterclaim.

118.    MMI is a "person," as defined in 42 U.S.C. Section 9601(21), who has been named a defendant in the underlying action by Plaintiff seeking recovery of response costs based in part on 42 U.S.C. Section 9607(a), and, to the extent MMI is held liable for recovery or contribution of response costs, which liability is denied, it is entitled to seek contribution from any other person who is liable or potentially liable under 42 U.S.C. Section 9613(f).

119.    Plaintiff is a "person" as defined in 42 U.S.C. Section 9601(21).

120.    Plaintiff, as owner and operator of the Property, and owner and operator of the Property at the time of alleged disposal of hazardous substances at, on, under, or around the Property, is a "covered person" within the meaning of 42 U.S.C. Section 9607(a).

121.    MMI is informed and believes, and on that basis alleges, that the Property, together with all areas at which hazardous substances released or disposed of at the Property have come to be located, constitutes a "facility" as defined in 42 U.S.C. Section 9601(9), and that the railroad tracks, rolling stock, and right of way owned, operated, or controlled by Plaintiff and its predecessors adjoining the Property (the "Union Pacific Tracks"), and all areas at which hazardous substances released or disposed of at the Union Pacific Tracks have come to be located, constitute a "facility" as defined in 42 U.S.C. Section 9601(9).

122.    Plaintiff is liable pursuant to 42 U.S.C. Section 9607(a)(1) as the current owner and operator of the Property and the Union Pacific Tracks and as the owner and operator of the Property and the Union Pacific Tracks at the time of disposal of hazardous substances thereon, including hazardous substances that have come to be located at, on, beneath, and around the Property.  MMI is informed and believes, and thereon alleges, that Plaintiff has permitted and/or contributed to, and is continuing to permit and/or contribute to, releases or threatened releases, as

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4860-2913-1785.3

-23-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

that term is defined in 42 U.S.C. Section 9601(22), at, on, under, or around the Property and the

Union Pacific Tracks, of "hazardous substances," within the meaning of 42 U.S.C. Section

9601(14), including, but not limited to, the substances defined as "Environmental Contaminants"

in paragraph 34 of Plaintiff's Complaint, which include the following:

- trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), cis-1,2-dichloroethene (cis-1,2-DCE), 1,1-dichloroethane ("1,1-DCA"), 1,2-dichlorobenzene, methylene chloride, 1,1,1 trichloroethane ("1,1,1-TCA"), Freon 113, benzene, toluene, ethylbenzene, xylenes, and acetone in soil at, on, under, or around the Property;

- TCE, PCE, vinyl chloride, cis-1,2-DCE, 1,1-DCA, trans-1,2-dichloroethene ("trans-1,2-DCE"), 1,1,1-TCA, carbon tetrachloride, 1,2-dibromo-3-chloropropane, 1,1-dichloroethene, cis-1,2-DCE, 1,2-dichlorobenzene, methyl ethyl ketone ("MEK"), acetone, benzene, ethylbenzene, xylenes, and 1,4-dioxane in groundwater at, on, under, or around the Property; and

- TCE; 1,1-DCA; 1,2-DCA; benzene; chloroform, and vinyl chloride in soil vapor at, on, under, or around the Property.

The releases and threatened releases of Environmental Contaminants and other hazardous

substances at, on, beneath, around and from the Property and the Union Pacific Tracks occurred at

a facility or facilities owned and operated by Plaintiff. MMI is informed and believes, and thereon

alleges, that Plaintiff and its predecessors owned and operated the Property and the Union Pacific

Tracks at the time of one or more releases of Environmental Contaminants and other hazardous

substances thereon. MMI is informed and believes, and thereon alleges, that one or more such

releases resulted from the operations, activities and omissions of Plaintiff or its predecessors or of

persons subject to their control or supervision. MMI is further informed and believes that such

releases have resulted or may in the future result in response costs which are consistent with the

National Contingency Plan.

123.    On the basis of the foregoing facts, Plaintiff is liable or potentially liable under 42

U.S.C. Section 9607(a) for response costs incurred on account of releases and threatened releases

of Environmental Contaminants and other hazardous substances at and from the Property and the

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-24-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

4860-2913-1785.3

1   Union Pacific Tracks. Therefore, in the event that MMI is found liable for response costs on

2   account of releases or threatened releases of Environmental Contaminants or other hazardous

3   substances at or from the Property or the Union Pacific Tracks, MMI is entitled to contribution

4   from Plaintiff pursuant to 42 U.S.C. Section 9613(f).

5   **SECOND CLAIM FOR RELIEF**

6   **(Declaratory Relief Under CERCLA and Federal**

7   **Declaratory Judgment Act)**

8   124.   MMI incorporates by reference, as if fully set forth herein, paragraphs 1 through

9   123 of this Answer and Counterclaim.

10   125.   An actual dispute and controversy has arisen and now exists among the parties to

11   this action concerning their respective rights and duties in that MMI contends, and MMI is

12   informed and believes that Plaintiff denies, that Plaintiff is responsible for releases of

13   Environmental Contaminants and other hazardous substances within the meaning of 42 U.S.C.

14   Section 9601(14) at, on, beneath, around, and from the Property and the Union Pacific Tracks and

15   is obligated to pay all response costs arising from such releases, together with any other related

16   damages.

17   126.   Because the extent and magnitude of the releases or threatened releases of

18   Environmental Contaminants and other hazardous substances within the meaning of 42 U.S.C.

19   Section 9601(14) at, on, beneath, around, and from the Property and the Union Pacific Tracks is

20   not fully known at this time, MMI may incur or be held liable for response costs including, but not

21   limited to, costs of removal or remediation in the future.

22   127.   Pursuant to 42 U.S.C. Section 9613 and other applicable law establishing the

23   liability of Plaintiff for such past, present and future response costs, damages and other

24   liabilities and expenses, and to 28 U.S.C. Section 2201, MMI is entitled to a declaratory judgment

25   establishing the liability of Plaintiff for payment, reimbursement or contribution of such response

26   costs, damages, and other liabilities and expenses for the purposes of this and any subsequent

27   action or actions to recover further response costs. A judicial declaration is necessary and

28   appropriate under the present circumstances in order that MMI may ascertain its rights and duties.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-25-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

**THIRD CLAIM FOR RELIEF**

**(Contribution Against Plaintiff Pursuant to California Hazardous Substance Account Act)**

128.    MMI incorporates by reference, as if fully set forth herein, paragraphs 1 through 127 of this Answer and Counterclaim.

129.    The Carpenter-Presley-Turner Hazardous Substance Account Act ("HSAA"), Health & Safety Code §25300 *et seq.*, was enacted to encourage the expedient cleanup of hazardous substances in the environment.  In furthering this goal, the California Legislature included the statutory right of contribution for those parties who clean up contaminated properties from those parties who are responsible for contamination.

130.    HSAA §25363(e) provides that "[a]ny person who has incurred removal or remedial action costs in accordance with [HSAA]…may seek contribution or indemnity from any person who is liable pursuant to [HSAA]."

131.    A "liable person" is defined in the Health & Safety Code §25323.5(a) as "those persons described in section 107(a) of CERCLA, 42 U.S.C. §9607(a)."

132.    "Those persons described in section 107(a)" of CERCLA include the owner and operator of a facility, any person who at the time of a disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed, and any person who arranged for disposal or treatment of hazardous substances for transport to a facility.  42 U.S.C. §9607(a).

133.    MMI is informed and believes and on that basis alleges that Plaintiff is a liable person as defined in Health & Safety Code §25323.5(a) and 42 U.S.C. §§25319 and 25323(a).

134.    MMI is informed and believes and on that basis alleges that there have been past releases or ongoing releases of hazardous substances into the environment at, under and around the Property and that Plaintiff and its predecessors have conducted themselves during their ownership and operation of the Property so as to directly and proximately cause and/or contribute to the damages as alleged in Plaintiff's Complaint and herein.  The hazardous substances released and/or continuing to be released by Plaintiff at, under and around the Property are hazardous substances within the meaning of HSAA section 23516.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4860-2913-1785.3

-26-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

135.     MMI has incurred and will continue to incur necessary costs of response, in a manner consistent with Chapter 6.8 of HSAA and with the National Contingency Plan ("NCP") under section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), as a result of the releases and threatened releases of hazardous substances at, under and around the Property.  The costs incurred and to be incurred by MMI to investigate and remediate the hazardous substances at, under and around the Property are removal and remedial actions within the meaning of HSAA sections 25322 and 25323.

136.     MMI will give written notice of this action to the Director of the California Department of Toxic Substances Control pursuant to HSAA section 25363(d).

137.     While MMI denies any liability to Plaintiff, MMI is entitled to indemnity and/or contribution from Plaintiff pursuant to California Health & Safety Code §25363, as to any costs it may incur in responding to or reimbursing any person for the alleged release of hazardous substances at the Property in amounts to be determined at the trial of this matter.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief Under HSAA)

138.     MMI incorporates by reference, as if fully set forth herein, paragraphs 1 through 137 of this Answer and Counterclaim.

139.     An actual dispute and controversy has arisen and now exists among the parties to this action concerning their respective rights and duties in that MMI contends, and MMI is informed and believes that Plaintiff denies, that Plaintiff is responsible for releases of hazardous substances within the meaning of HSAA section 23516 at, on, beneath, around, and from the Property and the Union Pacific Tracks and is obligated to pay all response costs arising from such releases, together with any other related damages.

140.     Because the extent and magnitude of the releases or threatened releases of hazardous substances within the meaning of HSAA section 23516 at, on, beneath, around, and from the Property and the Union Pacific Tracks is not fully known at this time, MMI may incur or be held liable for response costs including, but not limited to, costs of removal or remediation in the future.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-27-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1    141.    MMI is entitled to a declaratory judgment establishing the liability of Plaintiff for

2    payment, reimbursement or contribution of such response costs, damages, and other liabilities and

3    expenses for the purposes of this and any subsequent action or actions to recover further response

4    costs. A judicial declaration is necessary and appropriate under the present circumstances in order

5    that MMI may ascertain its rights and duties.

6                                    **PRAYER FOR RELIEF**

7                WHEREFORE, MMI respectfully prays this Court find in its favor and against Plaintiff, to

8    the extent authorized by law, as follows:

9         1.    Against Plaintiff for contribution under CERCLA, for past and future response

10             costs incurred by MMI on account of releases and threatened releases of

11             Environmental Contaminants and other hazardous substances within the meaning

12             of 42 U.S.C. Section 9601(14) and/or HSAA section 23516 at, on, beneath, around,

13             and from the Property and the Union Pacific Tracks, in an amount to be proven at

14             trial;

15        2.    For a judicial declaration under CERCLA that Plaintiff is liable for future response

16             costs incurred by MMI on account of releases and threatened releases of

17             Environmental Contaminants and other hazardous substances within the meaning

18             of 42 U.S.C. Section 9601(14) and/or HSAA section 23516 at, on, beneath, around,

19             and from the Property and the Union Pacific Tracks, in an amount to be proven at

20             trial;

21        2.    For costs of suit; and

22        3.    For such other and further relief as the Court may deem just and proper.

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4860-2913-1785.3

-28-
MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY

1   Dated:  January 14, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
KAMRAN JAVANDEL
MICHELLE F. CATAPANG

By:  _/s/ Kamran Javandel_
KAMRAN JAVANDEL
Attorneys for Defendant
Mobile Mini, Inc., as successor-in-interest
to Tote-A-Shed, Inc.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4860-2913-1785.3

-29-

MOBILE MINI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
AGAINST UNION PACIFIC RAILROAD COMPANY