**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>       Plaintiff,<br><br>    v.<br><br>ROBERT E. HILL, et al.,<br><br>       Defendants. | Case No.  21-cv-03216-BLF<br><br>**ORDER REQUESTING FURTHER SUPPLEMENTAL BRIEFING REGARDING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL** |

Upon further review of the facts and case law, the Court finds that whether Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") should be disqualified in this case turns in part on James Meeder's role at Allen Matkins and whether, for conflict purposes, Meeder should be treated as a former attorney or an "of counsel" attorney.  *See People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal.4th 1135, 1153 (1999) (holding that the conflicts of "of counsel" attorneys are imputed to the entire firm); *Kirk v. First Am. Title Ins. Co.*, 183 Cal.App.4th 776, 815 (2010), as modified (May 6, 2010) (noting that once the tainted attorney has left the firm, the analysis changes from whether there is a likelihood that other attorneys at the firm may receive and use confidential information to whether the tainted attorney actually conveyed confidential information); *see also* ECF No. 90-1 ("Javandel Decl.") ¶ 8 (representing that Meeder is retired); ECF No. 90-4 ("Meeder Decl.") ¶ 4 (stating that Meeder is an "hourly part-time contract attorney in an of counsel position").

//

//

//

//

As such, the Court hereby ORDERS Defendants to file a supplemental brief of no more than 3 pages no later than October 19, 2023.  Defendants may attach to the brief any declarations or documentary evidence clarifying Meeder's role at Allen Matkins.  Plaintiff may file a response to the supplemental brief of no more than 3 pages no later than October 24, 2023.

**IT IS SO ORDERED.**

Dated:  October 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge